**INTERACTION, INC./STATE of Texas, Appellants,**

v.

**STATE of Texas/INTERACTION, INC., Appellees.**

**No. 03–99–00358–CV.**

Court of Appeals of Texas,
Austin.

May 4, 2000.

Rehearing Overruled June 15, 2000.

Percy L. Isgitt, Percy L. "Wayne" Isgitt, P.C., Houston, Attorney for Interaction.

Jim Hill, Brian MacLeod, Assistant Attorney Generals, Bankruptcy & Collections Division, Austin, Attorneys for the State of Texas.

Before Chief Justice ABOUSSIE, Justices KIDD and B.A. SMITH.

BEA ANN SMITH, Justice.

The State of Texas sued Boutros Investments, Inc. No. 7 (Boutros 7) and Interaction, Inc. to recover delinquent taxes owed by Boutros 7. Because both defendants failed to answer, the trial court rendered a default judgment against Boutros 7 and Interaction. Interaction filed a petition for bill of review alleging it had not received notice of the State's suit. The trial court granted the petition, and after a trial to the court, rendered judgment for the State. On appeal, Interaction raises three points of error: that the evidence is factually and legally insufficient to support the judgment, that there is no basis in law to support a judgment against Interaction for taxes owed by Boutros 7, and that the judgment is not supported by the findings of fact. On cross-appeal, the State asserts that the trial court erred in granting the bill of review and proceeding with a trial on the merits. We will reverse the trial court's order granting the bill of review and render judgment that the trial court's default judgment be reinstated.

## FACTUAL AND PROCEDURAL BACKGROUND

This dispute involves liability for gasoline and sales taxes that Boutros 7 incurred as operator of Webster Conoco, a convenience store that sells gas, groceries, beer, and other incidentals. An audit of Boutros 7 by the Comptroller for the period between 1989 and 1991 revealed unpaid sales taxes amounting to $7,432.95 and gasoline taxes totaling $213,185.35. The Comptroller conducted a hearing on September 11, 1991 and thereafter issued Certificates of Delinquency against Boutros 7.

Pierre Tanios owned Boutros 7, which leased the Webster Conoco premises from Dwayne T. Warner. At some point not clear from the record, Tanios moved to Louisiana. Warner testified that Assad Boulos, vice president of Interaction, called to tell him that Tanios had moved and that Interaction was taking over the Webster Conoco store. Warner recorded a deposit of $1700 from Interaction made on September 14, 1991, representing rental fees collected for the Webster Conoco. Interaction obtained a sales tax permit for the store on September 28, 1991 and made its first taxable sale at this location on October 1.

The State sued Interaction as well as Boutros 7 for the delinquent taxes alleging that Interaction was either a statutory or common-law successor to Boutros 7. The State attempted to serve citation on Interaction's registered agent, Simon Raef Assaad, at an address in Humble. The officer's return indicated that the citation was not executed because Simon Assaad had moved to Lebanon. The name and title of Interaction's vice president, Assad Boulos, and his address in Spring were handwritten on the return. Rather than serving Boulos, the State then substituted service on Interaction through the Secretary of State. The Secretary of State forwarded the citation to Interaction's registered address. The State obtained a default judgment against Interaction and Boutros 7 for $226,993.38, plus $10,000 in attorney's fees,

plus interest and costs of suit. Nothing in the record indicates that notice of entry of the default judgment was sent to Interaction.

Interaction learned about the lawsuit and the default judgment when the State garnished Interaction's bank accounts. Thereafter, Interaction filed a petition for a bill of review alleging it had no actual or constructive notice of the lawsuit. The trial judge granted the bill of review based on the parties' stipulations and arguments of counsel and set the cause for trial. Boutros 7 was not a party to the bill of review or the trial.

The trial court held Interaction liable for the delinquent taxes. In its conclusions of law, the trial court held that Interaction was a continuing enterprise of and a successor to Boutros 7 and that the two corporations operated as a single enterprise. It also held that Interaction was used as a sham to perpetrate a fraud on the State. On appeal, we will first consider whether the court erred in granting the bill of review. If the State's cross-appeal is sustained, we need not address the points of error raised by Interaction complaining of the judgment rendered at trial.

## DISCUSSION

A bill of review is an independent, equitable action to set aside a judgment that is no longer appealable or subject to a motion for new trial. *See Axelrod R & D, Inc. v. Ivy*, 839 S.W.2d 126, 128 (Tex.App.—Austin 1992, writ denied). In general, for a party to successfully invoke a bill of review, it must allege and prove that 1) it had a meritorious defense to the cause of action alleged to support the judgment; 2) which it was prevented from making because of fraud, accident, or wrongful act of the opposite party 3) that was untainted by any fault or negligence of its own. *See Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). However, when a defendant does not receive notice of a lawsuit, the defendant is

relieved of its burden to prove that fraud, accident, or wrongful act prevented it from making its defense. *See Texas Indus., Inc. v. Sanchez*, 525 S.W.2d 870, 871 (Tex. 1975) (per curiam). When there is no notice, defendant's lack of fault or negligence is established. *See Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998).

In reviewing a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion. *See Harris v. Elm Oil Co.*, 183 S.W.2d 216, 218 (Tex.Civ.App.—Texarkana 1944, writ ref'd w.o.m.). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). Because it is fundamentally important that finality be accorded to judgments, bills of review " 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted.' " *Hagedorn*, 226 S.W.2d at 998 (quoting *Harding v. W.L. Pearson & Co.*, 48 S.W.2d 964, 965–66 (Tex. Comm'n App.1932, holding approved)).

On cross-appeal, the State complains that Interaction failed to meet its burden of establishing two of the three elements necessary to prevail on a bill of review.[1] Interaction counters that it was excused from proving these two prongs because it did not receive service of process or notice of the default judgment. We first address Interaction's argument that it did not receive actual or constructive notice of the lawsuit because it was not served with process.

The trial court issued findings of fact and conclusions of law; four of the five findings of fact and none of the conclusions of law address service of process. The

---

1. The State stipulated that Interaction made a prima facie showing of a meritorious defense.

findings of fact state that Interaction's registered agent was Simon Assaad; that the State's service of process at the registered address was not executed because Simon Assaad had moved to Lebanon; that the State subsequently served the Secretary of State, which forwarded citation to Interaction's registered address; and that Interaction learned about the judgment when its bank account was garnished. The parties stipulated that the State served the Secretary of State in accordance with article 2.11 of the Texas Business Corporation Act. *See* Tex. Bus. Corp. Act Ann. art. 2.11 (West 1980 & Supp.2000). Article 2.11 authorizes service of process on the president, all vice presidents, and the registered agent of a corporation. *See id.* art. 2.11(A). When the registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State is designated an agent of the corporation upon whom process may be served. *See id.* art. 2.11(B). Citations of service and the certificate from the Secretary of State in the record are proof that the corporation was served in compliance with article 2.11. *See TXXN, Inc. v. D/FW Steel Co.,* 632 S.W.2d 706, 708 (Tex.App.—Fort Worth 1982, no writ). The stipulation that the State served the Secretary of State defeats Interaction's argument that it was not served with process; Interaction was served in the manner required by article 2.11 of the Texas Business Corporation Act. *See Houston's Wild West, Inc. v. Salinas,* 690 S.W.2d 30, 32 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

Interaction contends, however, that because article 2.11's language is permissive—providing that the corporation's officers or that the Secretary of State *may* be served—the State should have served Interaction's Vice President, Assad Boulos, whose name and address were noted on the first return of service. *See* Tex. Bus. Corp. Act Ann. art. 2.11(A), (B). In a similar case in which the registered agent's address was marked out and another written in the margin, the court held

that knowledge of the alternate address created no presumption that the defendant was amenable to service at that location. *See Advertising Displays, Inc. v. Cote,* 732 S.W.2d 360, 363 (Tex.App.—Houston [14th Dist.] 1987, no writ) (citing *TXXN,* 632 S.W.2d at 708). Although hindsight reveals that Interaction was amenable to service at the address written on the envelope, the State was not required to presume that Boulos would be at this address or that he was a proper agent for service. Article 2.11 does not require the State to make any effort beyond a reasonably diligent attempt to serve Interaction's registered agent before substituting service on the Secretary of State. *See Houston's Wild West,* 690 S.W.2d at 32.

■ Interaction next contends that it was denied due process because it did not receive notice of the hearing on the motion for default judgment. When a defendant has no notice on a motion dispositive of the case, it is entitled to have the default judgment set aside. *See LBL Oil Co. v. International Power Servs.,* 777 S.W.2d 390, 390 (Tex.1989) (per curiam). Due process requires that the plaintiff use a means reasonably calculated to apprise the defendant of the lawsuit. *See Peralta v. Heights Medical Ctr., Inc.,* 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). However, the defendant must show that its failure to appear was not the result of its own negligence. *See Winrock Houston Assocs. Ltd. v. Bergstrom,* 879 S.W.2d 144, 149 (Tex. App.—Houston [14th Dist.] 1994, no writ).

Article 2.09 requires a corporation doing business in Texas to maintain a registered agent. *See* Tex. Bus. Corp. Act Ann. art. 2 .09 (West 1980). Article 2.10 describes the procedure for changing the corporation's registered agent. *See id.* art. 2.10 (West 1980 & Supp.2000). The corporation must file a statement with the Secretary of State setting forth the name of the corpo-

ration, the former address, the new address, the names of the previous registered agent and the new registered agent, and a statement that the change was authorized by the Board of Directors. *See id.* art. 2.10A(1)-(7). Indeed, Interaction filed such a statement with the Secretary of State changing its registered agent to Boulos, but not until January 3, 1995— almost fourteen months after service on Interaction was attempted.

Interaction's own failure to comply with these statutory requirements deprived Interaction of notice of the pending suit. *See TXXN*, 632 S.W.2d at 709. Therefore, Interaction is precluded from arguing that it was denied due process. Interaction did not attempt to justify its failure to properly maintain a registered agent and has failed to satisfy its burden of proving the elements required to invoke a bill of review. The State's method of service was reasonably calculated to give Interaction notice and would have provided actual notice if Interaction had informed the Secretary of State that its registered agent had changed. *See id.* There was no proper basis for granting the bill of review; thus, the trial court abused its discretion, and we sustain the State's point of error. Because the bill of review was granted erroneously, the default judgment should remain in effect, and we do not consider Interaction's points of error complaining of the judgment rendered at trial.

### CONCLUSION

The State properly served citation on Interaction by substituting service on the Secretary of State. Therefore, we reverse the trial court's order granting the bill of review and render judgment that the trial court's default judgment be reinstated.