TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00012-CV






Rafael Francisco Narvaez, Appellant


v.


Rita Ortiz Maldonado, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. FM007491, HONORABLE DARLENE BYRNE, JUDGE PRESIDING




 

O P I N I O N



 This is an appeal from the denial of a bill of review. Appellee Rita Ortiz Maldonado
sued appellant Rafael Francisco Narvaez for divorce. When he failed to respond, she obtained a
default judgment against him. Narvaez filed a bill of review challenging the default judgment. The
trial court denied the bill of review, and Narvaez now appeals that denial. Because we conclude that
Narvaez did not satisfy the bill of review requirements, and because the trial court had jurisdictional
authority to render the default judgment, we affirm the trial court's judgment denying the bill of
review.


BACKGROUND

 On November 17, 2000, Maldonado filed for divorce from Narvaez. Although the
two had never been ceremonially married, Maldonado asserted that they shared an informal marriage,
see Tex. Fam. Code Ann. § 2.401(a)(2) (West 1998), and had three children together. It is
undisputed that Narvaez was properly served with the citation and petition. On December 14, in lieu
of filing a response, Narvaez signed the officer's return that was attached to the citation that had been
served on him, had the document notarized, and mailed it to the Travis County district clerk's office. 
The signed document was not designated as a response to the petition, did not offer any form of
response, and did not include Narvaez's address.

 On March 15, 2001, the trial court granted a default decree of divorce by which the
court divided the community estate, appointed Maldonado managing conservator of the three
children and Narvaez possessory conservator, and ordered Narvaez to pay child support. It is unclear
from the record whether Narvaez timely received notice of the judgment. On May 15, Narvaez filed
a motion for new trial and to set aside the judgment. Because the record does not reveal when
Narvaez received notice of the default judgment, it is also unclear whether his motion for new trial
was considered timely filed. Although it appears that a judge (not the one that granted the default
judgment) held a hearing on the motion, the court did not rule on it; if it was timely filed, it was
overruled by operation of law. (1) 

 On May 10, 2002, over a year after the trial court rendered the default judgment and
almost a year after the hearing on his motion for new trial, Narvaez filed his bill of review petition. 
At the bench trial, Narvaez presented evidence demonstrating that he had been married before
entering into his relationship with Maldonado and had never divorced his wife, that Maldonado knew
he was married to another woman, and that he was not the father of one of the three children that he
was ordered to support. Maldonado's testimony corroborated Narvaez's assertions. Following the
presentation of evidence, the trial court announced that Narvaez had proven he had a meritorious
defense--one of the elements of a bill of review--but he had failed to satisfy the remaining bill of
review elements. The court therefore denied Narvaez's bill of review. He now appeals.


DISCUSSION

Void Judgment

 As a preliminary matter, Narvaez asserts that because he was never divorced from his
first wife, he could not have been married to Maldonado, and the divorce decree is therefore void. 
He further argues that because there was no marriage to Maldonado, the Travis County court had no
jurisdiction to divide or distribute the real property, which was located in Harris County. By these
points, Narvaez seeks not to satisfy the requirements of a bill of review, but to collaterally attack the
underlying judgment. See Texas Dep't of Transp. v. T. Brown Constructors, Inc., 947 S.W.2d 655,
659 (Tex. App.--Austin 1997, writ denied) (bill of review that fails as direct attack may constitute
collateral attack).

 When a bill of review complainant collaterally attacks a judgment on the ground that
it is void because the trial court lacks jurisdictional power to render it, the complainant is not
required to prove the elements of a bill of review. See Middleton v. Murff, 689 S.W.2d 212, 213
(Tex. 1985). "Jurisdictional power" in the context of a collateral attack is defined as "jurisdiction
over the subject matter, the power to hear and determine cases of the general class to which the
particular one belongs." Id. The supreme court has given two examples of what is meant by a court
lacking jurisdictional power to render judgment: where a county court renders a divorce decree and
where a county court enters a judgment regarding title to land. McEwen v. Harrison, 345 S.W.2d
706, 709-10 (Tex. 1961). All other errors must be corrected through a bill of review if the time for
a direct appeal has elapsed. Middleton, 689 S.W.2d at 213-14. 

 In a collateral attack on a judgment, the recitations of the judgment control the rest
of the record, and extrinsic evidence cannot be used to establish a lack of jurisdiction. Huffstutlar
v. Koons, 789 S.W.2d 707, 710 (Tex. App.--Dallas 1990, no writ). The final decree of divorce in
this case recites that the court has jurisdiction and that Maldonado has been a domiciliary of Texas
for the preceding six months, thus satisfying the requirements for granting a divorce set forth in
section 6.301 of the family code. See Tex. Fam. Code Ann. § 6.301 (West 1998); see also Reynolds
v. Reynolds, 86 S.W.3d 272, 276 (Tex. App.--Austin 2002, no pet.) (although section 6.301 is not
itself jurisdictional, it is akin to jurisdictional provision in that it controls party's right to maintain
suit for divorce). The decree is regular on its face and was rendered by a court of general
jurisdiction. See, e.g., Faglie v. Williams, 569 S.W.2d 557, 563 (Tex. App.--Austin 1978, writ ref'd
n.r.e.) (holding that a judgment that is regular on its face and rendered by court of general jurisdiction
does not yield to collateral attack; must be set aside by direct attack). Narvaez's claim that the
decree is void because he was not yet divorced from his first wife and could therefore not be married
to Maldonado is not a jurisdictional deficiency; rather it is a defense that should have been argued
to the court during a trial on the merits. See Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003) (error
other than lack of jurisdiction renders judgment "voidable" and may be corrected through ordinary
appellate process); see also Faglie, 569 S.W.2d at 565 (existence of common law marriage is
question of fact). It is clear in this case that the trial court had jurisdiction to render its judgment. 
Thus, Narvaez's collateral attack on the judgment must fail. His exclusive remedy for challenging
the default divorce decree was through a bill of review. Middleton, 689 S.W.2d at 213-24 (holding
that when party failed to establish that court lacked jurisdictional power to render judgment, bill of
review is exclusive remedy to set aside judgment). We overrule the first two issues.


Due Process

 By his third issue, Narvaez asserts that his due process rights were violated because
he was not provided notice of the default judgment hearing even though he filed the equivalent of
an answer. See Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86-87 (1988) (once defendant makes
appearance in cause, he is entitled to notice of trial setting as matter of due process under Fourteenth
Amendment to Constitution); LBL Oil Co. v. International Power Servs., Inc., 777 S.W.2d 390, 390-91 (Tex. 1989) (same); Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988) (same). Maldonado
responds that Narvaez was not entitled to notice because what he filed cannot be construed as an
answer. We agree with Maldonado.

 Narvaez testified that after he was served with the citation and divorce petition, he
took the citation to a notary, signed the return portion of the citation, and mailed it back to the Travis
County district clerk. The citation with the signed return was filed on January 2, but was not
designated as an answer. Narvaez claims on appeal that the envelope in which the citation was
mailed included his return address. The envelope, however, is not a part of the record because the
district clerk threw it away, and there is nothing in the record indicating that the envelope indeed
included Narvaez's return address. Narvaez nevertheless argues that the citation and signed return,
coupled with the envelope that presumptively bore his return address, constitute an answer to the
divorce petition. 

 Narvaez relies on Smith v. Lippmann, 826 S.W.2d 137 (Tex. 1992), in support of his
argument. In that case, the supreme court held that a letter filed by the defendant, though not in the
"standard form," nonetheless constituted an answer because it identified the parties, the case, and
the defendant's current address. Id. at 138; see also Custom-Crete, Inc. v. K-Bar Servs., Inc., 82
S.W.3d 655, 658 (Tex. App.--San Antonio 2002, no pet.) (letter addressed to and filed with clerk
that included cause number, party's name and address and denied liability constituted "answer");
Terehkov v. Cruz, 648 S.W.2d 441, 442-43 (Tex. App.--San Antonio 1983, no writ) (signed letters
to clerk that included defendant's address, acknowledged receipt of citation, and averred that
defendant was not liable for plaintiff's injuries constituted "answer"). Although Narvaez's signed
return included the names of the parties and the trial court cause number, it included no statement
that could be construed as any type of response to the pleadings. In other words, even if the envelope
had included his address and had been retained, it would have added nothing, because the document
that Narvaez filed with the court was not a letter, did not include Narvaez's current address, and did
not even acknowledge receipt or acceptance of the citation and petition; it in no way responds to the
petition for divorce and cannot be construed as an appearance. Cf. Lippmann, 826 S.W.2d at 138
(letter that was signed by defendant, identified parties and case, included defendant's current address,
and acknowledged receipt and acceptance of citation and petition constituted timely filed
appearance). He was therefore not entitled to notice of the default judgment hearing. We overrule
the third issue.


Bill of Review

 By his fourth issue, Narvaez argues that he satisfied the requisite bill of review
elements, and the trial court therefore erred in denying his bill of review. A bill of review is an
equitable proceeding by a party to a former action who seeks to set aside a judgment that is no longer
appealable or subject to challenge by a motion for new trial. Wembley Inv. Co. v. Herrera, 11
S.W.3d 924, 926-27 (Tex. 1999). A bill of review complainant must prove three elements: (1) a
meritorious defense to the cause of action alleged, (2) which he was prevented from making by the
fraud, accident, or wrongful act of the opposing party or by official mistake, and (3) the absence of
fault or negligence of the complainant. Baker v. Goldsmith, 582 S.W.2d 404, 408 (Tex. 1979);
Alexander v. Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950). Additionally, bill of review relief is
available only if a party has exercised due diligence in pursuing all adequate legal remedies. 
Herrera, 11 S.W.3d at 927. If legal remedies were available but ignored, relief by bill of review is
inappropriate. Id.


Standard of Review

 In reviewing the grant or denial of a bill of review, we indulge every presumption in
favor of the court's ruling. Interaction, Inc./State v. State/Interaction, Inc., 17 S.W.3d 775, 778
(Tex. App.--Austin 2000, pet. denied). We will not disturb that ruling unless the trial court abused
its discretion. Id. A trial court abuses its discretion if it has acted in an unreasonable or arbitrary
manner, or without reference to any guiding rules and principles. Beaumont Bank, N.A. v. Buller,
806 S.W.2d 223, 226 (Tex. 1991). The burden on a bill of review complainant is heavy because it
is fundamentally important that judgments be accorded some finality; therefore, bills of review
seeking relief from otherwise final judgments are scrutinized "with extreme jealousy, and the
grounds on which interference will be allowed are narrow and restricted." Alexander, 226 S.W.2d
at 998; Interaction, 17 S.W.3d at 778.

 Although Narvaez requested findings of fact and conclusions of law, the trial court
did not file findings and conclusions, and Narvaez failed to file a notice of past due findings of fact
and conclusions of law. See Tex. R. Civ. P. 297 (providing that if trial court fails to file timely
findings of fact and conclusions of law, requesting party shall, within thirty days after filing original
request, file "Notice of Past Due Findings of Fact and Conclusions of Law"). We will therefore
affirm the trial court's judgment on any legal theory supported by the evidence. Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990); Lassiter v. Bliss, 559 S.W.2d 353, 358 (Tex. 1977). 


Official Mistake

 The trial court ruled that Narvaez had shown a meritorious defense to the underlying
suit but failed to satisfy the remaining elements of a bill of review. Narvaez argues by his fourth
issue that he was excused from showing that the wrongful conduct, fraud, or accident of the opposing
party prevented him from asserting his meritorious defense because of the district clerk's official
mistake in failing to retain the envelope in which he mailed the citation with the signed return to the
court. The district clerk's disposal of the envelope amounts to official mistake, he alleges, because
without the envelope, the citation and attached return could not be considered an answer and
"became just another piece of paper in the court's file; [Narvaez's] envelope was what distinguished
the signed and notarized officer's return from all the other documents that were incorporated into
a court's file." 

 A bill of review complainant who establishes "official mistake" is relieved of proving
that his failure to present a meritorious defense was caused by the wrongful conduct of the opposing
party, the second element of a bill of review. McRoberts v. Ryals, 863 S.W.2d 450, 455 (Tex. 1993)
(Enoch, J., dissenting); Transworld Fin. Servs. Corp. v. Briscoe, 722 S.W.2d 407, 408 (Tex. 1987);
Baker, 582 S.W.2d at 407. An official mistake occurs when a court official commits error in the
discharge of his official duties, and that error prevents the complainant from presenting his defense
in the former action or from challenging the judgment by post-judgment actions or appeal. See
Baker, 582 S.W.2d at 407; Mowbray v. Avery, 76 S.W.3d 663, 683 (Tex. App.--Corpus Christi
2002, pet. denied). The official-mistake doctrine has been narrowly construed; general misconduct
or wrongdoing by court functionaries is insufficient to show official mistake to satisfy the elements
for a bill of review. Mowbray, 76 S.W.3d at 683. 

 In Baker v. Goldsmith, for example, the supreme court held that because the
Goldsmiths had sent an answer to the district judge, which was misplaced after it was received at the
courthouse, the Goldsmiths were excused from showing that the judgment was rendered as a result
of the wrongful conduct of the opposing party. 582 S.W.2d at 407. The difference between Baker
and this case, however, is that the trial court found and the supreme court agreed that the letter sent
to the judge by the Goldsmiths constituted an answer to the petition. Id. There is nothing in our
record indicating that the trial court in this case similarly concluded that Narvaez's signature on the
return constituted a response; indeed, the trial court declared that it did not. (2) We have held that even
if the envelope had been retained, and even if it included a return address, the document that Narvaez
filed with the court was not responsive to the petition and could not be construed as an appearance. 
Moreover, Narvaez cites to no authority, and we have found none, standing for the proposition that
a district clerk must retain all envelopes used to mail correspondence to the court.

 Given the narrowness with which courts have interpreted the element of official
mistake, the strict requirements of bills of review in general, and the fundamental importance of
according finality to judgments, we hold that there was no official mistake that prevented Narvaez
from asserting his meritorious defense. Narvaez was therefore not excused from showing that the
wrongful conduct of the opposing party prevented him from asserting his meritorious defense. This
he failed to do. 

 Narvaez also did not show that he was free from fault or negligence in failing to assert
his meritorious defense--the third element of a bill of review. See Jarrett v. Northcutt, 592 S.W.2d
930, 930-31 (Tex. 1979) (bill of review complainant whose waiver of process in the prior suit was
improperly executed was nevertheless required to show lack of fault or negligence in failing to assert
a meritorious defense in the prior action). His filing of a signed return is not a proper response to
the divorce pleadings, and Narvaez was therefore at least partially responsible for the court's failure
to recognize it as an appearance. Although a bill of review is an equitable proceeding, the fact that
an injustice has occurred is not alone sufficient to justify setting aside a final judgment; the
complainant must also show he is free from negligence. Herrera, 11 S.W.3d at 927. 


Due Diligence

 Even if we were to agree that the clerk and the trial court committed an official
mistake by rendering a default judgment without providing Narvaez notice after he made an
appearance, Narvaez has not shown that he exercised due diligence in pursuing his legal remedies. 
See Axelrod R & D, Inc. v. Ivy, 839 S.W.2d 126, 128 (Tex. App.--Austin 1992, writ denied) (bill
of review complainant that was not properly served in the prior action must nevertheless show he
used due diligence in availing himself of all legal remedies against the former judgment). This due
diligence requirement is distinct from the three bill of review elements, for the complainant must
allege and prove that he exercised due diligence in pursuing all adequate legal remedies to the
challenged judgment or show good cause for failing to exhaust those remedies in order to be entitled
to seek bill of review relief. Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998); Mowbray, 76
S.W.3d 682-83 n.28. If the complainant had legal remedies that were ignored, relief by bill of
review is unavailable. Herrera, 11 S.W.3d at 927; French v. Brown, 424 S.W.2d 893, 895 (Tex.
1967). One with an available appeal who fails to pursue that remedy is not entitled to seek relief by
bill of review. Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex. 1980).

 The appellate record does not clearly disclose whether Narvaez timely received notice
of the default judgment or whether he availed himself of rule of civil procedure 306a(4), which
provides that if a party has not received notice of a judgment within twenty days after it was signed,
then all post-judgment timelines shall begin to run from the date the party actually learned of the
signed judgment. Tex. R. Civ. P. 306a(4), (5). It is likewise unclear from the record whether
Narvaez's motion for new trial was timely filed. If it was, then he failed to appeal the judgment after
the motion was overruled. And if it was not timely filed, Narvaez failed to pursue a restricted
appeal. See Thompson v. Henderson, 45 S.W.3d 283, 290 (Tex. App.--Dallas 2001, pet. denied);
Nichols v. Jack Eckerd Corp., 908 S.W.2d 5, 9 (Tex. App.--Houston [1st Dist.] 1995, no writ). 
Instead, he waited over a year after the rendition of the default judgment and the hearing on the
motion for new trial to attack the divorce decree through a bill of review. "Equity aids the diligent
and not those who slumber on their rights." Callahan v. Giles, 155 S.W.2d 793, 795 (Tex. 1941). 
We therefore hold that Narvaez failed to exercise due diligence in pursuing other legal remedies to
challenge the default divorce decree. We overrule his fourth issue on appeal.


CONCLUSION

 Because the trial court properly exercised jurisdiction in rendering the default divorce
decree, the decree is not void and cannot be collaterally attacked. Narvaez's sole remedy for
attacking the divorce decree was through the filing of a bill of review petition. Narvaez, however,
failed to satisfy all of the bill of review elements. We therefore affirm the trial court's judgment
denying Narvaez's bill of review.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: January 23, 2004


1. After hearing the evidence at the bill of review trial, the court announced: "With regard
to the action of the court personnel related to notifying you of the default [judgment], the trial court
does acknowledge that that apparently was some error . . . ." The court further commented that
under rule of civil procedure 306(a)(4), Narvaez timely filed his motion for new trial, but the court
was uncertain as to whether the motion had been overruled by operation of law. The court, however,
did not file findings of fact and conclusions of law, and we may not consider its oral comments as
a substitute for such findings and conclusions. In re Doe 10, 78 S.W.3d 338, 340 n.2 (Tex. 2002)
(citing In the Interest of W.E.R., 669 S.W.2d 716, 716 (Tex. 1984)). 
2. In announcing its ruling on the bill of review, the trial court explained that it was not
persuaded that the signed return constituted an answer. Although we may not construe the court's
comment as a finding of fact or conclusion of law, in the absence of such findings and conclusions,
we must imply all necessary findings in support of the judgment, and we must affirm the trial court's
judgment on any legal theory supported by the evidence. Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990).