Opinion issued April 5, 2007










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00799-CV






DAISY MAE DAVIS, Appellant


V.


JIM R. SMITH AND COST PLUS OF TEXAS, INC., Appellees






On Appeal from County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 862596






O P I N I O N


 In one issue, appellant, Daisy Mae Davis, appeals the dismissal of her petition
for bill of review.

 We affirm.

Summary of Facts and Procedural History

 On May 28, 2004, Davis sued appellees, Jim R. Smith and Cost Plus of Texas,
Inc. (collectively, "Cost Plus"), for personal injuries she allegedly sustained when she
slipped and fell on defective flooring at a Cost Plus store. According to Cost Plus,
the case was set for a status conference on March 11, 2005 and for trial on March 14,
2005.

 At the March 11, 2005 conference, the trial was reset and the trial court ordered
the parties to appear for a subsequent status conference on July 18, 2005. (1) The trial
court's order stated that the case would be dismissed for want of prosecution if a party
failed to appear without notifying the court coordinator, at least 14 days prior to the
status conference, of an agreed request for trial or a motion for default. On April 26,
2005, Davis's counsel reminded her by letter to appear on July 18, 2005. 

 On June 21, 2005, Cost Plus moved to compel Davis's deposition. On July 14,
2005, the trial court ordered Davis to appear for deposition on August 15, 2005. 

 On July 18, 2005, Davis failed to appear for the status conference, and the trial
court dismissed her suit for want of prosecution, pursuant to the March 11, 2005
order. On July 25, 2005, Davis moved to reinstate the case, asserting that her failure
to appear at the status conference was neither intentional nor the result of conscious
indifference, but the result of a calendaring error.

 It is undisputed that, on July 29, 2005, at a hearing on Davis's motion to
reinstate, the trial court took Davis's reason for her failure to appear "under
advisement" and did not enter a written ruling. In addition, the trial court instructed
Davis to appear for deposition on August 15, 2005, as previously ordered. According
to Cost Plus, however, the trial court also instructed Davis to request a rehearing of
her motion to reinstate once the deposition was complete. Davis disputes having been
given any such instruction. The record does not contain a transcript of the hearing. 

 On August 15, 2005, Davis appeared for deposition and, on September 12,
2005, the reporter's certification was filed in the trial court. Davis did not seek a
ruling on her motion to reinstate. Rather, on February 2, 2006, Davis moved to
mediate the case. The trial court responded that the case had been dismissed on July
18, 2005.

 On April 20, 2006, Davis filed a petition for bill of review, arguing that she
was unable to present the merits of her case as a result of accident and official
mistake. Specifically, Davis asserted that she had mistakenly believed that the filing
of the reporter's certification was sufficient to advise the court that Davis had met the
condition necessary for reinstatement. In addition, Davis asserted that there was an
"official mistake" in that she "believed that the Court would inform her that her cause
had [to] be re-docketed upon the Court receiving an affirmative proof that she had
met the conditions for doing so--to wit: the reporter's certification." 

 Cost Plus moved to dismiss Davis's petition for bill of review on the grounds
that Davis had failed to diligently pursue a ruling on her motion to reinstate, that the
trial court no longer had plenary power to reinstate the case, and that Davis had
negligently permitted the judgment to become final without seeking an appellate
remedy. On August 16, 2006, the trial court granted the motion of Cost Plus and
dismissed Davis's petition for bill of review. This appeal ensued.Bill of Review

 In one issue, Davis contends that the trial court erred by dismissing her petition
for bill of review.

A. Applicable Law and Standard of Review

 A bill of review is an equitable proceeding brought by a person seeking to set
aside a judgment that is no longer subject to challenge by a motion for new trial or
appeal. Caldwell v. Barnes, 154 S.W.3d 93, 96-97 (Tex. 2004); Wolfe v. Grant
Prideco, Inc., 53 S.W.3d 771, 773 (Tex. App.--Houston [1st Dist.] 2001, pet.
denied). Generally, a bill of review plaintiff must allege and prove (1) a meritorious
claim or defense to the cause of action that supports the judgment, (2) which she was
prevented from making by fraud, accident, or wrongful act of the opposing party, (3)
unmixed with any fault or negligence of her own. Caldwell, 154 S.W.3d at 96; Wolfe,
53 S.W.3d at 773. If the bill of review plaintiff alleges that judgment was rendered
without proper notice, she is relieved from showing the first and second elements. 
See Caldwell, 154 S.W.3d at 97 (citing Peralta v. Heights Med. Ctr., Inc., 485 U.S.
80, 85, 108 S. Ct. 896, 899 (1988)). However, the plaintiff must still prove the third
element, that "judgment was rendered unmixed with any fault or negligence" on her
part. See id. at 97.

 In addition, a bill of review is proper only when a party has exercised due
diligence to prosecute all adequate legal remedies against a former judgment. King
Ranch v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003); Wolfe, 53 S.W.3d at 773. This
due diligence requirement is distinct from the three elements of the bill of review. 
Caldwell v. Barnes, 975 S.W.2d 535, 537-38 (Tex. 1998).

 We review a trial court's ruling on a bill of review for an abuse of discretion,
indulging every presumption in favor of the court's ruling. Interaction, Inc./State v.
State/Interaction, Inc., 17 S.W.3d 775, 778 (Tex. App.--Austin 2000, pet. denied). 
A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or
without reference to guiding rules and principles. Id. Because the record does not
reflect that Davis requested, and the trial court did not make, findings of fact and
conclusions of law, we will affirm the trial court's judgment if it is correct on any
legal theory supported by the evidence. Worford v. Stamper, 801 S.W.2d 108, 109 
(Tex. 1990).

B. Analysis 

 Here, it is undisputed that Davis had notice that she was ordered to appear on
July 18, 2005 for a status conference and that the trial court intended to dismiss the
case if she failed to appear. See Tex. R. Civ. P. 165a(1) (requiring trial court to give
notice of its intent to dismiss). It is undisputed that Davis and her counsel failed to
appear on July 18, 2005, as ordered. The record shows that, on July 18, 2005, the
trial court issued an order dismissing Davis's case. See id. (permitting trial court to
dismiss for want of prosecution after party fails to appear for hearing of which it had
notice); Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999). 
The order recites that the parties were notified and that Davis failed to appear. 

 Furthermore, it is undisputed that, on July 25, 2005, just seven days after the
trial court signed the order of dismissal, Davis timely filed a motion to reinstate the
case. See Tex.R. Civ. P. 165a(3) (requiring, generally, that motion to reinstate be
filed within 30 days after order of dismissal is signed). Hence, Davis had actual
notice of the dismissal in time to pursue a motion to reinstate the case. 

 On July 29, 2005, the trial court held a hearing on Davis's motion to reinstate,
but did not rule at that time. Generally, the trial court had until the 75th day after it
signed the dismissal order to enter a written order to reinstate, otherwise the motion
would be deemed overruled by operation of law. See id. (2) Because Davis timely filed
a motion to reinstate, the trial court retained plenary power over the case for an
additional 30 days beyond the 75th day. See id. (3) However, because the trial court
did not issue a signed order reinstating the case during the 105-day period after the
date of the dismissal order, the motion was deemed overruled and the judgment of
dismissal became final. See id.; Intercity Mgmt. Corp. v. Chambers, 820 S.W.2d 811,
812 (Tex. App.--Houston [1st Dist.] 1991, orig. proceeding). The time limits in Rule
165a are mandatory and jurisdictional. Walker v. Harrison, 597 S.W.2d 913, 915
(Tex.1980). It is undisputed that Davis did not appeal the denial of the motion to
reinstate. 

 Davis complains that she did not receive postcard notice from the trial court
clerk that her motion to reinstate had been overruled by operation of law. Rules 165a
and 306a require that notice of the signing of a final judgment or order to be sent to
the parties. (4) However, nothing in Rules 165a or 306a requires such notice when a
motion to reinstate is overruled by operation of law. Davis has not directed us to any
authority requiring such notice. Moreover, the finality of the July 18, 2005 dismissal
order is not dependent upon Davis's having received notice concerning a separate
motion for reinstatement. 

 Davis seems to contend that the trial court orally suggested during the hearing
on the motion to reinstate that the case would be reinstated upon the completion of
Davis's deposition. There is not a transcript of the hearing in the record. However,
even if the trial court made a such a pronouncement, "[a] trial court's oral
pronouncement . . . reinstating a cause is not an acceptable substitute for the written
order required by rule." Emerald Oaks Hotel/Conference Ctr. v. Zardenetta, 776
S.W.2d 577, 578 (Tex.1989) (construing Rule 165a(3) to require motion to reinstate
be "decided by a signed written order"). Moreover, as Cost Plus contends, Davis is
charged with knowing that a case may be reinstated only by written order and that
when the trial court did not issue a written order granting reinstatement within 105
days after the dismissal, the motion was overruled as a matter of law. See Tex. R.
Civ. P. 165a(3).

 Davis failed to diligently seek a ruling on her motion to reinstate, and she failed
to appeal either the dismissal of the underlying action or the denial of the motion to
reinstate. See WMC Mortgage Corp. v. Starkey, 200 S.W.3d 749, 752 (Tex.
App.--Dallas 2006, pet. denied) (reviewing appeal of dismissal for want of
prosecution); Keough v. Cyrus USA, Inc., 204 S.W.3d 1, 4 (Tex. App.--Houston
[14th Dist.] 2006, pet. denied) (reviewing appeal of trial court's denial of motion to
reinstate). As Cost Plus contends, a party who fails to timely avail itself of available
legal remedies is not entitled to relief by bill of review. Wembley v. Herrera, 11
S.W.3d 924, 927 (Tex. 1999); Hernandez v. Koch Mach. Co., 16 S.W.3d 48, 57 (Tex.
App.--Houston [1st Dist.] 2000, pet. denied). A bill of review is unavailable when,
as here, a claimant has timely filed a motion to reinstate. See Rizk v. Mayad, 603
S.W.2d 773, 775 (Tex. 1980). Furthermore, the Supreme Court of Texas has
explained that "[i]f a motion to reinstate, motion for new trial, or direct appeal is
available, it is hard to imagine any case in which failure to pursue one of them would
not be negligence." See Gold v. Gold, 145 S.W.3d 212, 214 (Tex. 2004).

 We conclude that relief by bill of review is not available in this case because
Davis failed to exercise due diligence in availing herself of all adequate legal
remedies. See Gold, 145 S.W.3d at 214; Rizk, 603 S.W.2d at 775. Having
determined that Davis is not entitled to relief by bill of review, we hold that the trial
court did not abuse its discretion by dismissing Davis's petition for bill of review.

 Accordingly, we overrule Davis's sole issue.CONCLUSION


 We affirm the judgment of the trial court.


 

 

 Laura Carter Higley 

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.
1. - - ' 
 
2. " " " 
 
 " 
 " 
- 
 " 
3. 
 
 
 
4.