Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00194-CV

Bethani Williamson **AAMODT,**
Appellant

v.

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,**
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court No. 07-1002-C
Honorable Spencer W. Brown, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Alma L. López, Chief Justice
                Catherine Stone, Justice
                Sandee Bryan Marion, Justice

Delivered and Filed:  October 22, 2008

AFFIRMED

Appellant, Bethani Williamson Aamodt, appeals the denial of her bill of review in which she asked the trial court to set aside an order terminating her parental rights. Because appellant did not satisfy the requirements of a bill of review, we affirm.

## BACKGROUND

On June 27, 2007, the trial court signed an order terminating appellant's parental rights. The basis for the termination was the Affidavit of Voluntary Relinquishment of Parental Rights that

appellant signed on the same day. On August 10, 2007, appellant filed a motion to set aside the termination order alleging she did not voluntarily sign the affidavit. The motion was denied as untimely on November 30, 2007. On December 26, 2007, appellant filed a bill of review in the trial court seeking to set aside and vacate the termination order. After a hearing, the trial court denied appellant's bill of review and this appeal ensued.

## STANDARD OF REVIEW

We review the trial court's grant or denial of a bill of review for an abuse of discretion, and every presumption is indulged in favor of the court's ruling. *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). "A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principals." *Id.*

## DISCUSSION

A bill of review is an independent equitable proceeding brought by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to a challenge by a motion for new trial. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). Although a bill of review is an equitable proceeding, "the fact that an injustice has occurred is not sufficient to justify relief by bill of review." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). The plaintiff in a bill of review must plead and prove facts showing the prior judgment was rendered as a result of fraud, accident or wrongful act of the other party. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979).

Here, appellant asserts she signed the Affidavit of Voluntary Relinquishment of Parental Rights because she was promised in a mediation agreement that if she signed the affidavit she would be allowed to visit her child regularly. Appellant contends that because this promise was

unenforceable, the affidavit of relinquishment was signed involuntarily and the resulting order of termination should be set aside. However, appellant did not appear or testify at the hearing on her bill of review and there is no evidence in the record to support her argument. The only document admitted into evidence at the bill of review hearing was the Affidavit of Voluntary Relinquishment of Parental Rights. This affidavit specifically explains the effect of signing the document and its irrevocability. The affidavit also includes appellant's verified signature and the signature of two witnesses. The affidavit does not refer to or mention the mediation agreement. Further, the mediation agreement was not introduced into evidence at the bill of review hearing and, therefore, is not part of the record on appeal.[1] Therefore, the record does not support appellant's argument that she was induced to sign the affidavit by unenforceable promises of continued visitation with her child.

Appellant also asserts the termination order should be set aside because the affidavit is invalid on its face because it does not include the father's county of residence as required by Texas Family Code section 161.103. Therefore, appellant argues, the termination order that relied on this invalid document should be set aside. However, even if we assume this argument is meritorious, in order for the bill of review to be granted, appellant must also establish that she was unable to present this claim through no fault of her own. *Caldwell*, 154 S.W.3d at 96. Because appellant did not present evidence at the bill of review hearing, she has not met her burden of showing the delay in bringing this claim was not her fault.

---

[1] On appeal, appellant relies on the mediation agreement which is attached as "Exhibit B" in the appendix to her brief. However, appendix exhibits are not considered part of the record on appeal. *See Brown v. McGonagill*, 940 S.W.2d 178, 179 (Tex. App.—San Antonio 1996, no pet.). More importantly, the mediation agreement was not before the trial court.

**CONCLUSION**

For the above reasons, we conclude appellant failed to satisfy the requirements of a bill of review on the order terminating her parental rights. Accordingly, we overrule appellant's issues and affirm the trial court's judgment.

Sandee Bryan Marion, Justice