# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00688-CV

**Fredia M. Alexander, Appellant**

**v.**

**Allan A. Alexander, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 252,369-B, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Fredia Alexander appeals the trial court's denial of her petition for bill of review challenging the final decree of her divorce from Allan Alexander.[1]  We affirm the trial court's judgment.

### BACKGROUND

In 2006, the trial court signed a final decree of divorce between the parties, rendered by default with respect to Fredia.  In 2008, Fredia challenged the decree by bill of review, asserting that she had not been served with process and had no notice of the divorce action.  The trial court denied Fredia's bill of review, and this Court affirmed that judgment on appeal.  *Alexander v. Alexander*, No. 03-09-00158-CV, 2010 WL 567297, at *2–3 (Tex. App.—Austin Feb. 19, 2010, pet. denied) (mem. op.).

---

[1]  We will refer to both parties by their first names to avoid confusion.  Fredia and Allan represent themselves pro se on appeal, as they did in the trial court.

After the denial of her first bill of review became final, Fredia contacted the Department of Consumer Affairs in New York—where she now lives and where she resided at the time of the underlying divorce—and complained that the process server who allegedly served her with the divorce papers in 2006 had lied in his certificate of service. The Department of Consumer Affairs investigated Fredia's complaint and revoked the process server's license. Fredia then filed suit in New York against the process server's employer and secured a monetary judgment representing the amount of damages she suffered as a result of the process server's actions.

Upon obtaining this judgment against the process server's employer, Fredia filed a second bill of review in the same trial court that had signed the 2006 divorce decree and denied her first bill of review. In her second bill of review, Fredia contended that the New York judgment established that she had not been served in the 2006 divorce proceeding and that she is entitled to relief.

After a hearing, the trial court denied Fredia's second bill of review without specifying the basis for its ruling. This appeal followed.

## STANDARD OF REVIEW

In reviewing the denial of a bill of review, we indulge every presumption in favor of the trial court's ruling, which will not be disturbed absent an affirmative showing of an abuse of discretion. *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

2

**DISCUSSION**

This is not the first time this Court has been asked to review whether Fredia is entitled to a bill of review based on lack of service. *See Alexander*, 2010 WL 567297, at *1–2. Fredia complained in a 2008 bill of review proceeding that she had not received service of the underlying divorce proceeding. The trial court denied her bill of review, and this Court affirmed, concluding that the trial court did not abuse its discretion. *See id.* at *3. Fredia has now filed a second bill of review in the same court, against the same party (Allan), and on the same theory (that she was not served in the underlying divorce proceedings), leading to the appeal now before us. Although Fredia offered new evidence to the trial court in her second bill of review—the judgment she obtained in New York against the process server's employer—her argument is the same, that she had not been served with process. The trial court and this Court have already decided that issue, and Fredia had the opportunity to present any evidence in support of her claim during the first bill of review proceeding.

The procedural history of this case requires application of the doctrine of res judicata,[2] which is applicable to bill of review proceedings. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980); *Holloway v. Starnes*, 840 S.W.2d 14, 19 (Tex. App.—Dallas 1992, writ denied); *see also Tompkins*

---

[2] Res judicata is an affirmative defense that must be pleaded. *See* Tex. R. Civ. P. 94. Here, it appears Allan, proceeding pro se, did not file an answer in the trial court. Nevertheless, during the hearing on the bill of review, Allan fairly raised the defense of res judicata in his arguments, and Fredia did not object. *See In re R.J.P.*, 179 S.W.3d 181, 185 n.1 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (concluding res judicata tried by consent because plaintiff did not object to defendant's failure to plead it as defense). In addition, the letter brief Allan submitted to this Court, read liberally, raises res judicata. *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied) (noting that courts read pro se briefs liberally). This Court takes judicial notice of our own records of the prior proceedings in this matter.

3

*v. Tompkins*, No. 06-03-00067-CV, 2003 WL 23101088, at *1 (Tex. App.—Texarkana Dec. 30, 2003, no pet.) (mem. op.) (applying res judicata to second bill of review in divorce proceeding). To establish res judicata, the defendant must demonstrate "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). These elements are satisfied in this case as a matter of law. *See Alexander*, 2010 WL 567297, at *1–2 (resolving same issue between same parties).

Having concluded that res judicata applies under the facts and procedural history of this case, we cannot conclude that the trial court abused its discretion in denying Fredia's second bill of review.

## CONCLUSION

We affirm the trial court's judgment denying Fredia's bill of review.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: May 23, 2014