**Affirmed and Opinion Filed April 26, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00505-CV

## U.S. ENERGY MANAGEMENT, INC. AND BRADLEY R. HITCHCOCK, Appellants
## V.
## JRB INTERNATIONAL, L.P., AND ROBERT BREWER, Appellees

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-04161-2015**

## MEMORANDUM OPINION
Before Justices Bridges, Myers, and Brown
Opinion by Justice Bridges

This appeal involves a denial from a bill of review. In three issues, appellants U.S. Energy Management, Inc. and Bradley R. Hitchcock (USEM) argue the trial court erred by denying a bill of review because USEM (1) was not properly served with and given notice of JRB International, L.P.'s. and Robert Brewer's summary judgment (JRB); (2) did not receive a copy of the final judgment until after the deadline to file a motion for new trial or notice of appeal; and (3) it proved a meritorious defense. We affirm the trial court's judgment.

## Background

In October 2012, JRB filed suit against USEM for breach of contract and defamation. JRB repeatedly attempted to serve USEM through Holly Hitchcock, its registered agent, at 1116 Dobie Drive in Plano, Texas. JRB eventually filed a motion for substituted service, which was granted, and USEM was served. JRB filed a motion for default judgment on June 14, 2013.

USEM filed its answer on December 10, 2013. In October 2014, counsel for USEM withdrew and USEM "w[as] effectively without counsel."

On February 1, 2015, USEM closed its office located at 1116 Dobie Drive and moved to 1912 Red Rock Drive in McKinney, Texas. It is undisputed USEM did not change the address of its registered agent or registered office when it moved, but claimed the office move was common knowledge in the industry.

JRB filed a motion for summary judgment on February 13, 2015, which was set for "submission only" on March 27, 2015. JRB sent notice to USEM's Dobie Drive address, certified mail, return receipt requested, and also to Hitchcock by both certified and regular mail to the Dobie Drive address. USEM did not respond to the summary judgment motion. On April 30, 2015, the trial court granted a default summary judgment and awarded JRB $79,256 in damages, plus attorney's fees.

On June 16, 2015, JRB mailed a copy of the final judgment to USEM at the Dobie Drive address. Out of an abundance of caution, JRB also mailed a copy of the final judgment to the Red Rock Drive address—the address for "Holly A. Hitchcock," the registered agent for another company. At the time, JRB had no knowledge whether she was the same Holly Hitchcock who was USEM's registered agent.

USEM did not learn of the judgment against it until Hitchcock began receiving phone calls about the appointment of a receiver. Because the deadlines had passed for filing a motion for new trial or a notice of appeal, USEM filed a bill of review in which it argued it had a meritorious defense of payment of the sales commissions that formed the basis of JRB's breach of contract claim, and its original failure to respond to the summary judgment was not intentional or the result of conscious indifference, but rather due to JRB intentionally using USEM's old address to serve notice of the summary judgment submission and hearing. JRB filed an original

–2–

answer to the bill of review and argued it was USEM's responsibility to update its registered office with the secretary of state, which it clearly failed to do; therefore, it could not argue it was denied due process. Further, JRB argued it mailed a copy of the final judgment to Holly Hitchcock at the Dobie Drive and the Red Rock Drive addresses, neither of which were returned. Thus, JRB asserted USEM received notice of the judgment in time to file a motion for new trial, but instead did nothing until contacted by a receiver.

The trial court held a hearing on USEM's bill of review on October 28, 2015. Bradley Hitchcock, USEM's president, was the only witness to testify. He testified that he provided the post office with a change of address notice updating USEM's mailing address. He admitted he did not change the registered agent address with the secretary of state because he "simply was unaware" that he needed to; however, JRB introduced previous filings with the secretary of state in which USEM had changed the address of its registered agent. When presented with this evidence, Hitchcock testified it was "simple oversight" and "wasn't an intentional reason to not go change the registered address."

The trial court denied USEM's bill of review and this appeal followed.

## Discussion

A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Thompson v. Henderson*, 45 S.W.3d 283, 287 (Tex. App.—Dallas 2001, pet. denied). Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review. *Id*. Because it is fundamentally important that some finality be accorded to judgments, a bill of review seeking relief from an otherwise final judgment is scrutinized by the courts "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." *Id*. (quoting *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (1950)).

To succeed in a bill of review, the petitioner must show it (1) has a meritorious defense to the claim alleged to support the judgment, (2) was prevented from making that defense because of the fraud, accident, or wrongful act of the opposing party or because of an official mistake, and (3) was not at fault or negligent. *Id.*

The bill of review plaintiff claiming non-service, however, is relieved of two elements ordinarily required to be proved in a bill of review proceeding. *Caldwell v. Barne*s, 154 S.W.3d 93, 96 (Tex. 2004); *see Mabon Ltd. v. Afri-Carib Enter., Inc*., 369 S.W.3d 809, 812–13 (Tex. 2012) (extending relief beyond non-service of process to include non-notice of trial setting). First, if a plaintiff was not served, constitutional due process relieves the plaintiff from the need to show a meritorious defense. *Id.* Second, the plaintiff is relieved from showing that fraud, accident, wrongful act, or official mistake prevented the plaintiff from presenting such a defense. *Id.* The bill of review plaintiff alleging it was not served, however, must still prove the third and final element required in a bill of review proceeding that the judgment was rendered unmixed with any fault or negligence of its own. *Id.* at 97. It is a heavy burden, and the testimony of the plaintiff alone is not sufficient to overcome the presumption it was served. *Id.* n.3; *In re A.M.A.R.*, No. 05-10-01303-CV, 2011 WL 5085585, at *2 (Tex. App.—Dallas Oct. 27, 2011, no pet.) (mem. op.).

In reviewing a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion. *Interaction, Inc./State v. State/Interaction, Inc*., 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles. *Id.*

In its first issue, USEM argues the trial court erred by denying its bill of review because it was never properly served and given notice of JRB's motion for summary judgment. To be

–4–

entitled to summary judgment, a movant must comply with the requirements set forth in Texas Rule of Civil Procedure 166a(c). *See* TEX. R. CIV. P. 166a(c). Although an oral hearing on a motion for summary judgment is not required, notice of the submission date is required. *Martin v. Martin, Martin, & Richards, Inc*., 989 S.W.2d 357, 359 (Tex. 1998). Generally, a trial court errs when it fails to give notice of the submission date for a motion for summary judgment. *In re Estate of Valdez*, 406 S.W.3d 228, 232 (Tex. App.—San Antonio 2013, pet. denied).

Due process requires the plaintiff use means reasonably calculated to apprise the defendant of notice of dispositive motions; however, the defendant must show that its failure to respond was not the result of its own negligence. *Interaction, Inc./State*, 17 S.W.3d at 778.

Service of process on corporations is governed by the Texas Business Organizations Code. The code places a duty upon corporations to maintain a registered agent and office and to notify the secretary of state of any change to either. TEX. BUS. ORG. CODE ANN. § 5.201(a), .202 (West 2012); *NETCO, Inc. v. Montemayor*, 352 S.W.3d 733, 740 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

JRB sent notice of the summary judgment submission and a copy of the final summary judgment to USEM at the Dobie Drive address, which was the address on file with the Secretary of State. Records attached to JRB's supplemental response to the bill of review indicate the letters were "unclaimed/max hold time expired" and ultimately returned to JRB with an "unable to forward" label attached.

It is undisputed USEM failed to update the address for its registered office when it moved locations from Dobie Drive to Red Rock Drive. Although Hitchcock testified he did not know the law required him to update the registered business address, he admitted it was the president's responsibility to make sure the address was changed, and he did not do it. Hitchcock admitted he had changed the registered address in the past, but failed to do so this time because USEM was

–5–

moving to a new facility and he planned to do it once they were settled. It was a "simple oversight." As of October 13, 2015, the secretary of state's website still listed USEM's registered address at Dobie Drive despite USEM filing its bill of review on October 6, 2015. Hitchcock admitted knowing the registered address was not current before filing the bill of review.

Although Hitchcock testified he provided the post office with a change of address and he could not explain why the mail was not forwarded, the trial court could reasonably question Hitchcock's veracity in filing a change of address form based on the inconsistent evidence. To the extent USEM has included evidence in its reply brief, which it acknowledges is outside the record, to establish filing a change of address form and encouraging the Court to search the certified mail, return receipt numbers on the USPS website for further information, we are prohibited from considering it. *See Mitchell v. Citifinancial Mortg. Co.*, 192 S.W.3d 882, 883 (Tex. App.—Dallas 2006, no pet.) (appellant court may not consider matters outside the appellate record).

By failing to update the address for its registered agent and registered office, USEM was negligent in failing to comply with its statutory duties. *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (concluding some evidence supported trial court's denial of bill of review when plaintiff's failure to update address of registered office and agent resulted in not receiving notice of judgment). JRB's method of service was reasonably calculated to give USEM notice and would have provided actual notice if USEM had informed the secretary of state that its registered address had changed. Therefore, USEM is precluded from arguing that it was denied due process. *Interaction, Inc./State*, 17 S.W.3d at 780. Because USEM failed to meet its burden that it did not receive notice because of no fault or negligence on its part, it cannot satisfy the required elements to invoke a bill of review. *See Thompson*, 45 S.W.3d at 287.

Accordingly, the trial court did not abuse its discretion by denying USEM's bill of review. USEM's first issue is overruled. Because USEM's first issue is dispositive of the appeal, we need not consider its second[1] and third issues. TEX. R. APP. P. 47.1.

**Conclusion**

The judgment of the trial court is affirmed.

/David L. Bridges/
_____
DAVID L. BRIDGES
JUSTICE

160505F.P05

---

[1] We further note USEM's second issue is not preserved for our review. In its bill of review, it argued it did not receive proper notice under rule 306a because JRB intentionally used an old address for service. On appeal, it argues it did not receive proper notice from the court clerk as required by Texas Rule of Civil Procedure 306a(4). Because USEM did not raise this issue to the trial court in its bill of review, it may not now raise it on appeal. TEX. R. APP. P. 33.1.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

U.S. ENERGY MANAGEMENT, INC.
AND BRADLEY R. HITCHCOCK,
Appellants

No. 05-16-00505-CV          V.

JRB INTERNATIONAL, L.P., AND
ROBERT BREWER, Appellees

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-04161-2015.
Opinion delivered by Justice Bridges.
Justices Myers and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees JRB INTERNATIONAL, L.P., AND ROBERT BREWER recover their costs of this appeal from appellants U.S. ENERGY MANAGEMENT, INC. AND BRADLEY R. HITCHCOCK.

Judgment entered April 26, 2017.