TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00379-CV





Texas Department of Transportation, Appellant


v.


T. Brown Constructors, Inc., Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. 95-00469, HONORABLE MARGARET COOPER, JUDGE PRESIDING 





 In an administrative proceeding to resolve a contract dispute, the Texas Department of
Transportation ("TxDOT") awarded T. Brown Constructors, Inc. ("Brown"), appellee, $56,295. In a suit
for judicial review of that order, the district court of Travis County, in a judgment signed August 5, 1994,
awarded Brown $3,318,001.33. After failing to timely pursue an appeal from the August 5 judgment,
TxDOT sought to have the judgment set aside through the present bill of review proceeding. The trial court
granted Brown's motion for summary judgment denying the bill of review, and TxDOT brought this appeal. 
In two points of error, TxDOT argues that the August 5, 1994 judgment is void because the district court
had no subject matter jurisdiction to review the administrative order, and in the alternative because the trial
court had no constitutional or statutory authority to render the August 5 judgment in a suit for the review
of an administrative order. We will reverse the judgment of the trial court and remand the cause.

FACTUAL AND PROCEDURAL BACKGROUND


 This dispute arises from a contract between TxDOT and Brown under the terms of which
Brown was to rebuild a section of highway in Brewster County, Texas. In reconstructing the highway,
Brown contends it incurred costs that exceeded its compensation under the contract by more than $3
million. Pursuant to TxDOT procedures, Brown filed an administrative claim with TxDOT, contending that
Brown incurred the extra costs because TxDOT interpreted the contract specifications and supervised the
project in an arbitrary and capricious manner. See 43 Tex. Admin. Code §§ 1.21-.61, 1.68 (1996). After
an administrative hearing, the hearing examiner issued a proposal for decision concluding that TxDOT had
injured Brown by acting arbitrarily and capriciously, but granting Brown only $56,295 in compensation. 
The proposal for decision was adopted by the executive director of TxDOT and became final when
Brown's motion for rehearing was overruled.

 Brown sought judicial review of TxDOT's order in the district court of Travis County. On
August 5, 1994, the district court reversed the agency's decision and rendered a judgment in favor of
Brown in the amount of $3,318,001.33. TxDOT moved for rehearing and a new trial, contending the
district court lacked the power to render such a judgment for Brown and could only remand the cause to
the agency for further action. At a November 14, 1994 hearing on TxDOT's motions, the district court
orally announced it would set aside its previous judgment and remand the matter to the agency. (1) The
district court, however, did not sign the new-trial order until January 5, 1995, forty-eight days after its
plenary power had expired, rendering that order a nullity. Brown petitioned this Court for a writ of
mandamus, which we conditionally granted vacating the district court's new-trial order. See T. Brown
Constructors, Inc. v. Williams, No. 3-95-024-CV, slip op. at 2 (Tex. App.--Austin March 15, 1995,
orig. proceeding) (not designated for publication).

 Before Brown filed its motion for leave to file petition for writ of mandamus, TxDOT
brought this action, a bill of review seeking to set aside the August 5, 1994 judgment. Both TxDOT and
Brown filed motions for summary judgment. The trial court denied TxDOT's motion for summary judgment
and granted Brown's. This appeal followed.


DISCUSSION

 In its first point of error, TxDOT attempts to collaterally attack the August 5, 1994
judgment by contending the judgment is void because the district court had no subject matter jurisdiction
to review a Texas Department of Transportation administrative order. It is well settled that a district court
has jurisdiction to review an agency order in only limited circumstances: (1) the party seeking judicial review
has a pleaded claim that comes within a valid statute that assigns jurisdiction to the court; or (2) the party
seeking judicial review has a pleaded claim that the agency order violates constitutional rights, a claim lying
within the court's original or constitutional jurisdiction. See Stone v. Texas Liquor Control Bd., 417
S.W.2d 385, 385-86 (Tex. 1967); Southwest Airlines Co. v. Texas High-Speed Rail Auth., 867
S.W.2d 154, 157 (Tex. App.--Austin 1993, writ denied). In the present case, Brown's petition for
judicial review relied on the predecessor to sections 2001.172-.174 of the Administrative Procedure Act
("APA") to invoke the jurisdiction of the district court. See Administrative Procedure & Texas Register
Act, 64th Leg., R.S., ch. 61, § 19(e), 1975 Tex. Gen Laws 136, 147 (Tex. Rev. Civ. Stat. Ann. art.
6252-13a, § 19, since repealed and codified at Tex. Gov't Code Ann. §§ 2001.172-.174 (West Supp.
1997)). The APA itself does not, however, confer jurisdiction on the district court to hear and determine
a claim in review of an agency order. See Employees Retirement Sys. v. Foy, 896 S.W.2d 314, 315-17
(Tex. App.--Austin 1995, writ denied); S.C. San Antonio, Inc. v. Texas Dep't of Human Servs., 891
S.W.2d 773, 776 (Tex. App.--Austin 1995, writ denied); Southwest Airlines Co., 867 S.W.2d at 158.

 Section 21.005 of the Transportation Code, on the other hand, expressly authorizes the
district court to review an order from the Texas Department of Transportation. Section 21.005(a) states: 
"An interested party who is adversely affected by an act, decision, rate, charge, order or rule adopted by
the department and who fails to get relief from the department may file a petition against the department
in the district court of Travis County, Texas." Tex. Transp. Code Ann. § 21.005(a) (West Supp. 1997). 
Historically, section 21.005 concerned the regulation of aviation. Specifically, the predecessor to section
21.005 defined "department" as the "Texas Department of Aviation." See Act of July 17, 1989, 71st Leg.,
1st C.S., ch. 39, § 1, 1989 Tex. Gen. Laws 106 (Tex. Rev. Civ. Stat. Ann. art. 46c-1, since repealed and
codified at Tex. Transp. Code Ann. § 21.001(4) (West Supp. 1997)). (2) However, when the legislature
created the Department of Transportation in 1991, it changed the definition of "department," as it is used
in section 21.005, to "the Department of Transportation." See Act of August 10, 1991, 72d Leg, 1st C.S.,
ch. 7, § 1.09, 1991 Tex. Gen. Laws 226, 230 (Tex. Rev. Civ. Stat. Ann. art. 46c-1(d), since repealed and
codified at Tex. Transp. Code Ann. § 21.001(4) (West Supp. 1997)). There is nothing to indicate that
this was not intended to be a substantive change; to the contrary, this change occurred four years before
the non-substantive codification of existing statutes into the Transportation Code. See Act of April 21,
1995, 74th Leg., R.S. ch. 165, § 25, 1995 Tex. Gen. Laws 1025, 1871. Moreover, there is nothing in
the amended statute that limits the applicability of section 21.005 to suits involving aviation. Although
section 21.005 is located in the title of the Transportation Code referring to aviation, the heading of a title
does not limit the meaning of a statute. See Tex. Gov't Code Ann. § 311.024 (West 1988). We conclude
the district court had subject matter jurisdiction to hear Brown's suit for judicial review of a TxDOT order
pertaining to a road construction contract. We overrule point of error one. (3)

 In its second point of error, TxDOT contends the trial court erred in signing the August 5,
1994 judgment because the trial court did not have the power to render judgment for an amount different
from the amount determined by the agency. Like its first point of error, TxDOT's second point constitutes
a collateral attack on the August 5, 1994 judgment. A collateral attack is any proceeding that does not
meet all the requirements of a valid direct attack, but seeks to avoid the effect of a judgment. There is
neither a set procedure for a collateral attack nor any statute of limitations. Davis v. Boone, 786 S.W.2d
85, 87 n.3 (Tex. App.--San Antonio 1990, no writ). When a bill of review fails as a direct attack, it may
instead constitute a collateral attack. See Outlaw v. Noland, 506 S.W.2d 734, 735 (Tex. Civ.
App.--Houston [1st Dist.] 1974, writ ref'd n.r.e.). A party making a collateral attack does not need to
meet the requirements of a bill of review to set aside a void judgment. Sibert v. Devlin, 508 S.W.2d 658,
662 (Tex. Civ. App.--Texarkana 1974, no writ); Gus M. Hodges, Collateral Attacks on Judgments,
41 Tex. L. Rev. 163, 180-81 (1962). Collateral attacks may only be used to set aside a judgment that is
void or involved fundamental error. Glunz v. Hernandez, 908 S.W.2d 253, 255 (Tex. App.--San
Antonio 1995, writ denied); see, e.g., Hodges, supra, 41 Tex. L. Rev. at 164. A judgment is void if it is
shown that the court lacked jurisdiction (1) over a party or the property; (2) over the subject matter; (3)
to enter a particular judgment; or (4) to act as a court. Cook v. Cameron, 733 S.W.2d 137, 140 (Tex.
1987); Hodges, supra, 41 Tex. L. Rev. at 164. Fundamental error is found where "the record shows the
court lacked jurisdiction or that the public interest is directly or adversely affected as that interest is
declared in the statutes or the Constitution of Texas." Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex.
1982). 

 In the present case, the August 5, 1994 judgment is fundamentally erroneous because, by
rendering judgment for Brown in an amount different from the agency's decision, the district court usurped
the discretion vested in the executive branch; because the trial court lacked jurisdiction to render the
particular judgment, it is void. In the review of administrative decisions, the authority of district and
appellate courts to fashion remedies is limited. This limitation arises from the separation-of-powers
provision of the Texas Constitution. The Constitution expressly preserves three distinct departments of
government. Article II, section 1 states:


 The powers of the Government of the State shall be divided into three distinct departments,
each of which shall be confided to a separate body of magistracy, to wit: Those which are
Legislative to one, those which are Executive to another, and those which are Judicial to
another, and no person, or collection of persons, being one of these departments, shall
exercise any power properly attached to either of the others, except in the instances herein
expressly permitted.



Tex. Const. art. II, § 1.

 In the context of judicial review of administrative decisions, the separation-of-powers
doctrine ensures that discretionary functions delegated to administrative agencies by the legislature are not
usurped by the judicial branch. See Davis v. City of Lubbock, 326 S.W.2d 699, 714 (Tex. 1959);
Southern Prison Co. v. Rennels, 110 S.W.2d 606, 609 (Tex. Civ. App.--Amarillo 1937, writ dism'd);
Railroad Comm'n v. Uvalde Const. Co., 49 S.W.2d 1113, 1114 (Tex. Civ. App.--Austin 1932, no
writ). See generally John E. Powers, Agency Adjudications 16 (1990). Although courts have authority
to hold that an agency erred and must correct its error, courts cannot dictate how to correct the error if,
by doing so, the court effectively usurps the authority and discretion delegated to the agency by the
legislature. See id; see, e.g., Smith v. Houston Chemical Servs., Inc., 872 S.W.2d 252, 258 (Tex.
App.--Austin 1994, writ denied). For example,

 

 [A] court may utilize its judicial power to determine, under a proper statute, whether an
administrative agency has followed statutory procedures in deciding that an area is a 'slum
area,' but a court may not itself make that determination, in an original inquiry under a
preponderance of the evidence, for it is predominately and ultimately a political question
lying within the prerogative of the legislature or its agency to determine.



Powers, supra at 17.

 In the present case, the parties submitted the contractual dispute to the Department of
Transportation in a contested case, and Brown does not dispute TxDOT's authority to determine the
dispute. See 43 Tex. Admin. Code §§ 1.21-.61, 1.68 (1996). The agency found that it owed Brown
$56,295. Brown then brought the present suit in district court seeking only judicial review of the agency
decision. (4) In deciding that TxDOT owed Brown $3,318,001.33, the trial court apparently reweighed the
evidence and purported to exercise its own discretion in determining the amount owed. In reviewing the
Department of Transportation decision via a suit for judicial review, the trial court had the power to
determine whether the order was made in violation of the standards set forth in section 2001.174 of the
APA, but was without authority to render a judgment that usurped the agency's authority and discretion. 
See Tex. Gov't Code Ann. § 2001.174 (West Supp. 1997). The trial court's August 5, 1994 judgment
violated the separation-of-powers provision of the Texas Constitution. Accordingly, that judgment is void,
and its rendition was fundamental error.

 Finally, we reject Brown's argument that the law-of-the-case doctrine establishes the
validity of the August 5, 1994 judgment. After its plenary power over the August 5 judgment had expired,
the trial court signed an order purporting to grant a new trial. Brown petitioned this Court for a writ of
mandamus ordering the new-trial order set aside. In response, TxDOT argued that, because the August
5 judgment was void, its rendition did not initiate the running of the appellate timetables. In our opinion
conditionally granting the requested mandamus relief, we rejected TxDOT's position, stating: "We reject
the contention that the court's August order was void and did not trigger the appellate timetables." Brown
now argues that, by this statement, we determined the August 5 judgment to be valid. Brown misreads our
opinion. Immediately after the above-quoted statement, we said the following: "The rules of procedure
governing post-judgment timetables do not distinguish among void, voidable, and valid judgments. . . . The
signing of the judgment triggered the running of the time periods regardless of the validity of the judgment." 
Read in its entirety, our opinion obviously did not declare the August 5 judgment valid, but instead held that
the appellate timetables ran from its signing regardless of its validity. We sustain TxDOT's second point
of error.


CONCLUSION


 The trial court had subject matter jurisdiction, pursuant to section 21.005(a) of the
Transportation Code, to hear Brown's suit for judicial review. When the trial court rendered judgment for
Brown in the amount of $3,318,001.22, however, it violated the separation-of-powers doctrine of the
Texas Constitution. Because the August 5, 1994 judgment was void and fundamentally erroneous, TxDOT
was not required to meet the requirements for a bill of review in the present cause; the granting of Brown's
motion for summary judgment was therefore error. Accordingly, we reverse the judgment of the district
court granting Brown's motion for summary judgment on TxDOT's bill of review and remand this cause
to the trial court for further proceedings not inconsistent with this opinion.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: June 5, 1997

Publish
1. TxDOT filed a timely notice of appeal from the August 1994 judgment while its motions for
rehearing and new trial were pending; after the district court's oral ruling, however, TxDOT allowed its
appeal to lapse.
2. Prior to the creation of the Department of Aviation, the predecessor to section 21.005 defined
"department" as the Aeronautics Commission. See Act of June 1, 1945, 49th Leg., R.S., ch. 344, § 1,
1945 Tex. Gen. Laws 580 (Tex. Rev. Civ. Stat. Ann. art. 46c-1, since repealed and codified at Tex.
Transp. Code Ann. § 21.001 (West Supp. 1997)).
3. In its brief, TxDOT does not argue that it satisfied the requirements of a bill of review. Rather,
TxDOT's entire argument under its first point of error consists of a jurisdictional challenge to the district
court's August 5, 1994 judgment. See Tex. R. App. P. 74(d); Holley v. Watts, 629 S.W.2d 694, 696
(Tex. 1982) (points of error are to be construed liberally and in accordance with argument). Even if
TxDOT's first point of error could be construed as a direct attack on the August 5, 1994 judgment by bill
of review, it would fail because TxDOT failed to meet an essential requirement of a bill of review when it
allowed its appeal of the August 5, 1994 judgment to lapse. See Alexander v. Hagedorn
, 226 S.W.2d
996, 998 (Tex. 1950).
4. Brown argues to this Court that TxDOT waived both elements of sovereign immunity when it
entered into the contract at issue here. We need not revisit that issue, however, because Brown's suit did
not seek an independent, common-law determination of its rights under the TxDOT contract.



d its rendition was fundamental error.

 Finally, we reject Brown's argument that the law-of-the-case doctrine establishes the
validity of the August 5, 1994 judgment. After its plenary power over the August 5 judgment had expired,
the trial court signed an order purporting to grant a new trial. Brown petitioned this Court for a writ of
mandamus ordering the new-trial order set aside. In response, TxDOT argued that, because the August
5 judgment was void, its rendition did not initiate the running of the appellate timetables. In our opinion
conditionally granting the requested mandamus relief, we rejected TxDOT's position, stating: "We reject
the contention that the court's August order was void and did not trigger the appellate timetables." Brown
now argues that, by this statement, we determined the August 5 judgment to be valid. Brown misreads our
opinion. Immediately after the above-quoted statement, we said the following: "The rules of procedure
governing post-judgment timetables do not distinguish among void, voidable, and valid judgments. . . . The
signing of the judgment triggered the running of the time periods regardless of the validity of the judgment." 
Read in its entirety, our opinion obviously did not declare the August 5 judgment valid, but instead held that
the appellate timetables ran from its signing regardless of its validity. We sustain TxDOT's second point
of error.


CONCLUSION


 The trial court had subject matter jurisdiction, pursuant to section 21.005(a) of the
Transportation Code, to hear Brown's suit for judicial review. When the trial court rendered judgment for
Brown in the amount of $3,318,001.22, however, it violated the separation-of-powers doctrine of the
Texas Constitution. Because the August 5, 1994 judgment was void and fundamentally erroneous, TxDOT
was not required to meet the requirements for a bill of review in the present cause; the granting of Brown's
motion for summary judgment was therefore error. Accordingly, we reverse the judgment of the district
court granting Brown's motion for summary judgment on TxDOT's bill of review and remand this cause
to the trial court for further proceedings not inconsistent with this opinion.



 J. Woodfin Jones, Justice