# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00686-CV

**Save Our Springs Alliance, Inc., Appellant**

**v.**

**City of Kyle; Jack Goodman; Craig Smith; Mary Stone; Gary Franklin; and Bob Larson, each in their Official Capacity as Directors of the Barton Springs-Edwards Aquifer Conservation District and the Barton Springs-Edwards Aquifer Conservation District, Appellees**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. 10-1267, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

## O P I N I O N

Save Our Springs Alliance, Inc. ("the Alliance") appeals a final judgment rendered by the district court after the court had stricken the Alliance's plea in intervention. In a single issue, the Alliance contends that the court abused its discretion in granting the City's motion to strike its plea in intervention and therefore its judgment should be reversed and the cause remanded. We will vacate the district court's judgment and remand the cause.

## FACTUAL AND PROCEDURAL BACKGROUND

The City of Kyle applied to the Barton Springs-Edwards Aquifer Conservation District ("the District") for an amendment to its production permit allowing it to pump additional

water from the Barton Springs Edwards Aquifer.[1]  The City sought to increase permitted pumpage

from 165,000,000 gallons per year to 350,000,000 gallons per year.  The additional water was to be

available on an interruptible basis pursuant to a conditional permit allowing the District to curtail

the amount of water available during periods of drought.  The Alliance filed a protest and requested

a hearing on the permit application.  The District's board commenced a contested-case hearing on

the permit application and formally admitted the City, the Alliance, and the District's general

manager as parties to the proceeding.  The District's board then held a hearing on the merits of the

permit application, at the conclusion of which it issued an order partially approving the City's permit

application, with the condition that the City be granted only 100,700,000 additional gallons per year

rather than the 185,000,000 additional gallons per year that it had requested.  The District's refusal

to grant the full amount of water requested was based on its interpretation of a rule requiring an

applicant to establish that it has available a certain amount of water from an "alternative water

supply" in order to qualify for a conditional permit.

The City filed a motion for rehearing with the District challenging the denial of the

permit for the full amount of water requested.  The Alliance did not file a motion for rehearing.

After its motion for rehearing was denied, the City filed a suit for judicial review in Hays County

district court.  *See* Tex. Water Code Ann. § 36.251 (West 2008) (person affected by or dissatisfied

with order made by conservation district may file suit against district or its directors to challenge

validity of order).  The City also included a request for a declaration that the District could not deny

---

[1]  The District is a legislatively created groundwater conservation district subject to chapter
36 of the water code.  *See* Tex. Water Code Ann. §§ 36.001-.419 (West 2008 & Supp. 2012).

a permit based on a misapplication of its existing rules that effectively changed the permitting criteria. The District filed a general denial and asserted the affirmative defense of immunity from the City's request for declaratory relief. The Alliance subsequently filed a plea in intervention that asserted a general denial of "every averment of law and fact" contained in the City's petition. *See* Tex. R. Civ. P. 60 (party may file pleading subject to being stricken by court for sufficient cause or on motion of any party). The City filed a motion to strike the Alliance's plea in intervention, which the trial court granted. Thereafter, the City and the District filed cross-motions for summary judgment. The trial court issued an order denying the District's motion for summary judgment and granting the City's. The court's judgment ordered the cause remanded to the District with instructions to conduct a limited evidentiary hearing "on the sole question whether the City has demonstrated that it meets the Alternative Water Supply requirement." After the judgment was signed, the City and the District filed a "Joint Motion to Approve Agreed Final Judgment" informing the court that the City and the District had "reached settlement" and requesting that the court render final judgment in the form attached to their motion. The court signed an "Agreed Final Judgment" reciting that "entry of an agreed final judgment is appropriate" and, among other things, ordering that:

- The City is granted 84,300,000 gallons of water to its Class B Conditional and Transport Permits, to become effective as of the date of signature of this Agreed Final Judgment.

- The City holds a Class B Conditional Permit in the amount of 185,000,000 gallons of water per year and a Transport Permit in the cumulative amount of 350,000,000 gallons of water per year, to become effective as of the date of signature of this Agreed Final Judgment.

3

• The City has met the criteria in the District's rules for the issuance of a Class B Conditional Permit in the amount of 185,000,000 gallons of water, and has specifically satisfied District Rules 2-1, 3-14(A)(16), and 301.24, related to the District's Alternative Water Supply requirements.

The judgment recited that the District's board

has taken formal action to approve issuance of the permit amendments of 84,300,000 gallons of water, the District has issued and tendered to the Court a Class B Conditional Permit in the total amount of 185,000,000 gallons of water per year and a Transport Permit in the cumulative amount of 350,000,000 gallons of water per year, and said permit has been delivered to the City contemporaneous with entry of this Order.

The judgment further stated that "there will not be a remand back to the District in this cause" and "the above-referenced cause is DISMISSED in its entirety, with prejudice to refiling same." The Alliance then perfected this appeal.

## DISCUSSION

On appeal, the Alliance complains that the trial court erred by granting the City's motion to strike its plea in intervention and requests that this Court reverse the trial court's order granting the motion to strike its plea, set aside the order on summary judgment, and vacate the Agreed Final Judgment. We need not consider whether the trial court abused its discretion in striking the Alliance's plea in intervention, however, because we will vacate the court's judgment for an unrelated reason: the court lacked jurisdiction to render the Agreed Final Judgment, and, consequently, the judgment is void.

4

Although the Alliance does not argue on appeal that the court's judgment is void, it has long been held that courts of appeals may reverse the judgment of a trial court for an unassigned error if the error is truly "fundamental." *See Ramsey v. Dunlop*, 205 S.W.2d 979, 982-83 (Tex. 1947). "[W]hen the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject matter, the error will also be regarded as fundamental." *McCauley v. Consol. Underwriters, Inc.*, 304 S.W.2d 265, 266 (Tex. 1957); *see also In re J.F.C.*, 96 S.W.3d 256, 290-92 (Tex. 2002) (O'Neill, J., dissenting) (discussing fundamental-error doctrine). "With 'jurisdictional-based' fundamental-error review, an appellate court may reverse the judgment of the court below for error—without conducting a review for harm—even if the error is not preserved." *In re J.F.C.*, 96 S.W.3d at 291 (O'Neill, J., dissenting) (citing *Baker v. Hansen*, 679 S.W.2d 480, 481 (Tex. 1984)). Because, as explained below, in the present case the trial court lacked jurisdiction to render the Agreed Final Judgment, the error is fundamental and we may consider the jurisdictional defect even though it was not raised by the Alliance. *McCauley*, 304 S.W.2d at 266 (reaffirming survival of the fundamental-error review doctrine).[2]

---

[2] We also observe that an agency does not have the authority to modify its original order once a suit for judicial review has been filed. *See* Tex. Gov't Code Ann. § 2001.1775 (West 2008) ("[A]n agency may not modify its findings or decision in a contested case after proceedings for judicial review of the case have been instituted under Section 2001.176 and during the time that the case is under judicial review."); *Granek v. Texas State Bd. of Med. Exam'rs*, No. 03-07-00380-CV, 2008 WL 744707, at *4 (Tex. App.—Austin Mar. 19, 2008, pet. denied) (agency precluded by section 2001.1775 from modifying its findings or decision in contested case after proceedings for judicial review have begun, and agency could not have issued another final order even if it had wanted to do so).

A court's subject-matter jurisdiction traditionally consists of a power, conferred by constitutional or statutory authority, to decide the type of claim alleged in the plaintiff's petition and to award an authorized form of relief. *See City of Celina v. Dynavest*, 253 S.W.3d 399, 402 (Tex. App.—Austin 2008, no pet.) (citing *Sierra Club v. Texas Natural Res. Conservation Comm'n*, 26 S.W.3d 684, 687 (Tex. App—Austin 2000), *aff'd*, 70 S.W.3d 809 (Tex. 2002)). A constitutional delegation of general power to the district courts is found in article V, section 8 of the Texas Constitution. *See* Tex. Const. art. V, § 8. A statutory grant of power to district courts is found in section 24.008 of the government code. *See* Tex. Gov't Code Ann. § 24.008 (West 2004) (assigning to district courts power to hear and determine any cause cognizable by courts of law or equity and to grant any relief that could be granted by either courts of law or equity). Apart from these general grants of adjudicative power, a statute may grant the district courts, or one or more of them, special statutory jurisdiction to hear, determine, and award relief in specific types of cases that are themselves authorized by statute. *Sierra Club*, 26 S.W.3d at 688. Section 36.413 of the water code provides that a party to a contested hearing may file suit against the conservation district under section 36.251 to appeal a decision on a permit. *See* Tex. Water Code Ann. § 36.413 (West 2008). Section 36.251 states:

> A person, firm, corporation, or association of persons affected by and dissatisfied with any provision or with any rule or order made by a district is entitled to file a suit against the district or its directors to challenge the validity of the law, rule, or order. The suit shall be filed in a court of competent jurisdiction in any county in which the district or any part of the district is located. The suit may be only be filed after all administrative appeals to the district are final.

6

*Id.* § 36.251 (West 2008); *see Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004) (holding that judicial review provisions provide limited waiver of sovereign immunity). The district court's review on appeal is governed by the substantial-evidence rule as defined by section 2001.174 of the government code. *See* Tex. Water Code Ann. § 36.253.

Section 2001.174 applies when, as here, the law authorizes review of a decision in a contested case under the substantial-evidence rule. *See* Tex. Gov't Code Ann. § 2001.174 (West 2008). The statute empowers the reviewing court to award specified forms of relief in such suits. *Id.* The power to award relief is an essential component of subject-matter jurisdiction and may be, as here, restricted by a statute limiting the kinds of relief that can be rendered in certain kinds of cases. *See Sierra Club*, 26 S.W.3d at 688 (citing *Morrow v. Corbin*, 62 S.W.2d 641, 645 (Tex. 1933)). Section 2001.174 permits the reviewing court to examine the agency record for error in cases of substantial-evidence review, but if prejudicial error is found, the statute empowers the court only to "reverse or remand the case" to the agency. *See* Tex. Gov't Code Ann. § 2001.174(2). "This is a direct restriction on the special statutory jurisdiction delegated to the court in the APA—the court is not free generally to render the *kind of relief* it believes the agency should have awarded based on the agency's record." *Sierra Club*, 26 S.W.3d at 688. Consequently, the authority of district courts to fashion remedies is limited. *Texas Dep't of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 659 (Tex. App.—Austin 1997, pet. denied). This limitation arises from the separation-of-powers provision of the Texas Constitution, *see* Tex. Const. art. II, § 1, which, in the context of judicial review of administrative decisions, ensures that discretionary functions delegated

7

to administrative agencies by the legislature are not usurped by the judicial branch. *T. Brown Constructors*, 947 S.W.2d at 659.

In the present case, the Agreed Final Judgment purports to find facts (that the City has met the criteria for issuance of a permit) and to render judgment granting a permit. Section 2001.174 does not empower courts to take such action, which goes beyond their limited authority in a substantial-evidence review. Having concluded that there was error prejudicing substantial rights of the City's, the court's only options were to reverse or remand the case for further proceedings. *See* Tex. Gov't Code Ann. § 2001.174. Accordingly, the district court's Agreed Final Judgment, which had the effect of rendering a specific judgment, contravened the direct restriction on the special statutory jurisdiction delegated to the court in its substantial-evidence review. Because the judgment violated the separation-of-powers doctrine of the Texas Constitution, it is void and its rendition was fundamental error. *See Sierra Club*, 26 S.W.3d at 688; *T. Brown Constructors*, 947 S.W.2d at 660. Applying the fundamental-error review doctrine, we vacate the Agreed Final Judgment and remand the cause to the district court.[3]

---

[3] We note that the effect of vacating the Agreed Final Judgment is to revive the June 1, 2011, summary-judgment order. In that order the trial court remanded the cause to the District, which it was authorized to do pursuant to government code section 2001.174(2). However, the judgment also instructed the District to "fully grant the City's application without any permit conditions beyond what were specified in Section 2 of the District Order" if the City "establishes to the District's satisfaction that it meets the Alternative Water Supply requirement." As circumscribed by section 2001.174, the trial court is not authorized to usurp the District's authority and discretion to issue permits. *See T. Brown Constructors*, 947 S.W.2d at 660. On remand, we are confident that the trial court will reconsider the form of its order on the cross-motions for summary judgment.

## CONCLUSION

The district court was without jurisdiction to render the Agreed Final Judgment. We vacate that judgment and remand the cause to the district court for further proceedings consistent with this opinion.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Vacated and Remanded

Filed:   August 30, 2012