# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00271-CV

**Save Our Springs Alliance, Inc., Appellant**

**v.**

**City of Kyle; Jack Goodman; Craig Smith; Mary Stone; Gary Franklin; and Bob Larson,
each in their Official Capacity as Directors of the Barton Springs-Edwards Aquifer
Conservation District and the Barton Springs-Edwards Aquifer Conservation District,
Appellees**

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. 10-1267, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Save Our Springs Alliance, Inc. (the Alliance) appeals following a final judgment after the district court had granted the City of Kyle's motion to strike the Alliance's plea in intervention. In a single issue, the Alliance contends that the court abused its discretion by striking its plea in intervention and therefore its judgment should be reversed and the cause remanded to the district court. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying proceeding is a suit for judicial review filed by the City challenging an order of the Barton Springs-Edwards Aquifer Conservation District partially approving the City's application for an amendment to its production permit allowing it to pump additional water from the

Barton Springs-Edwards Aquifer. This is the second appeal in this suit.[1] As it did in the first appeal, the Alliance contends in one issue that the district court abused its discretion by striking its plea in intervention. We did not address the merits of the Alliance's contention in the first appeal because we concluded that the district court lacked jurisdiction to render the particular judgment it had rendered. *See Save Our Springs Alliance, Inc. v. City of Kyle*, 382 S.W.3d 540, 544-45 (Tex. App.—Austin 2012, no pet.). We vacated that judgment and remanded the cause for further proceedings consistent with our opinion. *Id.* at 545. On remand, the district court granted the City's motion for summary judgment in which it asserted that the Aquifer District erroneously employed an *ad hoc* permitting standard when it issued the City a permit to pump water from the Barton Springs Edwards Aquifer in an amount less than the City had requested. The court remanded the cause to the Aquifer District for further proceedings. The Alliance perfected this appeal.

We now consider whether the district court abused its discretion in striking the Alliance's plea in intervention. Both the City and the Alliance agree that the proper standard of review is the three-part test enunciated by the Texas Supreme Court in *Guaranty Federal Savings Bank v. Horseshoe Operating Company*, 793 S.W.2d 652 (Tex. 1990). In *Guaranty Federal*, the supreme court held that it is an abuse of discretion for a trial court to strike a plea in intervention if all of the following factors are met: (1) the intervenor could have brought the same action, or any part thereof, in its own name, or, if the action had been brought against it, it would be able to defeat recovery, or some part thereof; (2) the intervention will not complicate the case by an excessive

---

[1] Our previous opinion includes a detailed description of the events leading up to the first appeal. *See Save Our Springs Alliance, Inc. v. City of Kyle*, 382 S.W.3d 540, 541-43 (Tex. App.—Austin 2012, no pet.).

2

multiplication of the issues; and (3) the intervention is almost essential to effectively protect the intervenor's interest.[2] *See id.* at 657. The Alliance contends that it has met each of the three prongs of this test and, therefore, the district court abused its discretion in striking its plea in intervention. We first consider whether the Alliance has met the third prong of the test, i.e., whether its intervention was almost essential to effectively protect its interests.

The Alliance did not file a motion for rehearing in the agency proceeding and therefore could not itself have challenged, in the underlying suit for judicial review, any aspect of the Aquifer District's decision on the City's application for an amendment to its groundwater pumping permit. *See* Tex. Water Code § 36.413 (party to contested-case hearing may not file suit against district under section 36.251 unless it timely files motion for rehearing). In its plea in intervention, the Alliance alleged the same general denial already asserted by the Aquifer District. Moreover, the Alliance concedes in its brief that "[t]he core legal issues and rules that apply to the City's permit application and administrative appeal would be the same with [the Alliance's] participation." Thus, the only role the Alliance could have played in this litigation would have been to support the Aquifer District's efforts to defend its own order. Notably, the Alliance does not

---

    [2] The *Guaranty Federal* test was established in the context of an intervention in a suit initially filed in district court as opposed to intervention in a suit for judicial review, a proceeding instituted to challenge the decision of an administrative agency using the substantial-evidence standard set forth in section 2001.174 of the Administrative Procedure Act. *See* Tex. Gov't Code § 2001.174 (review under substantial-evidence rule). Although it does not appear that the *Guaranty Federal* test was designed with a suit for judicial review in mind, this Court has previously used the *Guaranty Federal* factors when reviewing a district court's decision to strike a plea in intervention in a suit for judicial review, *see, e.g.*, *Northeast Neighbors Coal. v. Texas Comm'n on Envtl. Quality*, No. 03-11-00277-CV, 2013 WL 1315078, at *5-6 (Tex. App.—Austin Mar. 28, 2013, pet. denied) (mem. op.), and both the City and the Alliance agree that this standard should be employed in this appeal. Accordingly, we will apply that standard.

suggest in its brief that there was any indication that the Aquifer District did not adequately defend its decision. In fact, the Aquifer District and the City filed competing motions for summary judgment, joining issue on whether the Aquifer District had properly interpreted and applied its rules requiring a permit applicant to demonstrate that it had an adequate alternative water supply available. The Alliance does not now identify any additional arguments it would have made or additional evidence it would have submitted to counter the City's motion for summary judgment, nor does it point to any manner in which the Aquifer District failed to adequately protect the Alliance's interest, which the Alliance describes as "preserving the [Aquifer District's] final agency decision on [the City's] permit application." Thus, the Alliance has failed to conclusively demonstrate that its intervention to assist the Aquifer District in protecting its identical interest in defending the administrative order was "almost essential." *See City of Austin v. Quick*, 930 S.W.2d 678, 683-84 (Tex. App.—Austin 1996), *aff'd*, 7 S.W.3d 109 (Tex. 1999) (despite past differences, district court was not required to presume that City of Austin would not effectively represent intervening party's interest when defending its ordinance). The Alliance has therefore not established that the trial court abused its discretion in granting the City's motion to strike the Alliance's plea in intervention.

The Alliance also asserts that it should have been permitted to intervene because the City included in its petition a request for declaratory relief. The Alliance relies on Civil Practice and Remedies Code section 37.006(a), which provides: "When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties." Tex. Civ. Prac. & Rem. Code § 37.006(a). According to the Alliance, although the City's request for declaratory relief was "redundant" of its suit for judicial review, "the necessary party provision []

4

reinforces [the Alliance's] right to intervene." As an initial matter, the Alliance did not argue in the district court that it was entitled to intervene as a necessary party pursuant to section 37.006 and, consequently, did not preserve that complaint. Moreover, even if the district court erred in not allowing the Alliance to intervene for the purpose of opposing the request for declaratory relief, any such error was harmless because the district court could not properly have granted, and did not grant, any declaratory relief. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 100 S.W.3d 510, 517 (Tex. App.—Austin 2003, pet. denied) ("As a general rule, a declaratory judgment action will not lie if there is a pending action between the parties which might resolve the exact issues raised in the declaratory judgment." (Citing *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970).). We may not reverse a judgment unless the error complained of probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1. We overrule the Alliance's sole appellate issue.

## CONCLUSION

Having overruled the Alliance's appellate issue, we affirm the district court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: April 10, 2014

5