# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00008-CV

Crystal International, Inc. d/b/a Fuel Stop, Appellant

v.

Texas Commission on Environmental Quality, Appellee

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-GN-15-001412, HONORABLE TIM SULAK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Crystal International, Inc. d/b/a Fuel Stop filed a suit for judicial review of a final default order of the Texas Commission on Environmental Quality assessing penalties for alleged violations of a provision of the Texas Water Code regulating underground storage tank systems, related administrative rules, and an agreed agency order. *See* Tex. Water Code § 26.3475 (release detection requirements and spill and overfill prevention); 30 Tex. Admin. Code §§ 334.10 (Tex. Comm'n on Envtl. Quality, Reporting & Recordkeeping), .50 (Tex. Comm'n on Envtl. Quality, Release Detection); Tex. Comm'n on Envtl. Quality, *Agreed Order in the Matter of an Enforcement Action Concerning Crystal International, Inc. D/B/A Fuel Stop; RN102848755*, Docket No. 2011-1963-PST-E (Oct. 5, 2012). In addition to seeking to set aside the default order, Crystal sought injunctive relief related to its attempt to renew its underground storage tank delivery certificate. *See* 30 Tex. Admin. Code § 334.7 (Tex. Comm'n on Envtl. Quality, Registration for Underground

Storage Tanks (USTs) and UST Systems). The Commission filed a plea to the jurisdiction asserting that the trial court lacked subject-matter jurisdiction to issue the requested injunction. The trial court granted the plea and dismissed the claim for injunctive relief. In one issue, Crystal asserts that the trial court erred in granting the Commission's plea to the jurisdiction because it had subject-matter jurisdiction over Crystal's request for injunctive relief. We will affirm.

## BACKGROUND

It is the policy of the state to maintain and protect the quality of groundwater and surface water resources from certain substances in underground and above-ground storage tanks that may pollute those resources. Tex. Water Code § 26.341. The Commission is the principal authority in the state on matters relating to the quality of the state's water and is responsible for setting water quality standards. *Id.* §§ 26.023, .127. In furtherance of the state policy, the Legislature has granted the Commission the authority to develop a regulatory program regarding underground storage tanks in accordance with Texas Water Code chapter 26, subchapter I. *Id.* § 26.345. The Commission is authorized to institute legal proceedings to compel compliance with provisions of the Texas Water Code and related administrative rules. *Id.* § 7.002. Owners and operators of underground storage tank systems are responsible for violations of the statutes regulating those systems. *Id.* §§ 7.156, 26.3467, 26.3475, 26.3512. The Commission may assess an administrative penalty against a person who violates a provision of the Water Code. *Id.* § 7.051.

Crystal owns and operates an underground storage tank system and a convenience store with retail sales of gasoline located in Dallas County. The underground storage tanks (USTs) located at the property are subject to regulation under the Texas Water Code and the Commission's

2

rules. In 2011, the Commission brought an enforcement action against Crystal for alleged violations of chapter 26 of the Texas Water Code and Commission rules. The enforcement action was concluded by entry of an agreed order assessing an administrative penalty of $6,249.00. Crystal was also ordered to maintain UST records and ensure they were made immediately available for inspection, implement a release detection method for all USTs at its facility, and ensure that corrosion protection was in place for all underground components of the UST system. *See* 30 Tex. Admin. Code §§ 334.10, .49 (Tex. Comm'n on Envtl. Quality, Corrosion Protection), .50.

In August 2013, the Commission conducted a "record review investigation" during which the investigator found that Crystal failed to monitor its USTs for releases at a frequency of at least once every month, failed to provide release detection for pressurized piping, and failed to maintain UST records and make them immediately available for inspection. As a consequence, the Commission's Executive Director recommended that the Commission enter an enforcement order assessing an administrative penalty. In March 2015, the Executive Director filed a "Preliminary Report and Petition Recommending that the Texas Commission on Environmental Quality Enter an Enforcement Order Assessing an Administrative Penalty Against and Requiring Certain Actions of [Crystal]" (the EDPRP). According to the Commission, it mailed the EDPRP to Crystal by certified mail, return receipt requested. A signed return receipt "green card" indicated to the Commission that the EDPRP was received on March 15, 2014.[1] Crystal failed to file an answer to the EDPRP and failed to request a hearing on the matter. In January 2015, the Commission entered a Default

---

[1] Crystal asserts that the signature on the "green card" is not that of any of Crystal's representatives, that Crystal did not receive notice of the enforcement action, and that Crystal did not receive a copy of the EDPRP.

3

Order and assessed a $91,128 administrative penalty as recommended by the Executive Director. *See* Tex. Water Code § 7.057 (default); 30 Tex. Admin. Code § 70.106 (Tex. Comm'n on Envtl. Quality, Default Order). The Default Order also revoked Crystal's UST fuel delivery certificate and stated that "[Crystal] may submit an application for a new fuel delivery certificate only after [Crystal] has complied with all the requirements set forth in this Order, including payment of the administrative penalty."[2] 30 Tex. Admin. Code § 334.8(c)(6) (Tex. Comm'n on Envtl. Quality, Certification for Underground Storage Tanks (USTs) and UST Systems). Crystal filed a motion for rehearing of the Default Order, which was overruled by operation of law.

Crystal then filed a suit for judicial review in Travis County district court asking the court to reverse the Default Order and remand the case to the State Office of Administrative Hearings. In September, while the suit for judicial review was pending, Crystal sent the Commission a completed UST registration and self-certification form. *Id.* § 334.8(c)(3)(B) (completion of UST registration and self-certification form in manner indicating compliance with applicable UST regulations results in Commission's issuance of delivery certificate for tanks at facility for which compliance is self-certified). The Commission responded by sending Crystal a letter stating:

> We have received your self-certification application for Fuel Stop and it is currently under review. However, the staff of [the Commission] has determined that the following item(s) is required before we can declare the application administratively

---

[2] Had it not been revoked, Crystal's delivery certificate would have expired and been due for annual renewal in September 2015. *See* 30 Tex. Admin. Code § 334.8(c)(5)(B)(ii) (Tex. Comm'n on Envtl. Quality, Certification for Underground Storage Tanks (USTs) and UST Systems) (delivery certificate for UST must be renewed on annual basis by submitting to Commission new UST registration and self-certification form).

4

complete. Payment of the following penalties by Mr. Karim Noorani/Crystal International Inc. dba Fuel Stop:

**Penalties:**

1.) The penalties owed are administrative penalties in the amount of $3,191.76 from the 31st of May 2012 for Agreed order docket No. 2011-2045-PST-E.

2.) The penalties owed are administrative penalties in the amount of $4,792.50 from the 5th of October 2012 for Agreed order docket No. 2011-1963-PST-E.

3.) The penalties owed are for administrative penalties in the amount of $91,128.00 from the 21st of January 2015 for Default order docket No. 2013-2166-PST-E.

After receiving this letter, Crystal paid the $3,191.76 and the $4,792.50 penalties and amended its petition in the suit for judicial review to add a request for a "temporary injunction mandating that [the Commission] renew [Crystal's] delivery certificate." Crystal alleged that it had paid the penalties assessed in the two agreed orders, that the only unpaid penalties were those assessed in the Default Order it was challenging in the suit for judicial review and that, consequently, "[t]here is no legal basis for withholding the delivery certificate since the Default Order and penalty are not final." Crystal requested that the court "require [the Commission] to issue [Crystal's] delivery certificate" for the Dallas County store.

The Commission filed a plea to the jurisdiction asserting that the trial court did not have subject-matter jurisdiction to review its action refusing to consider Crystal's application to renew its delivery certificate. Crystal countered that it was not pursuing a suit for judicial review of the agency's action but, rather, was seeking injunctive relief ancillary to its pending suit for

5

judicial review of the default order. Crystal relied on this Court's opinion in *Public Utility Commission v. Water Services, Inc.*, in which we held that a hearing on a temporary injunction ancillary to an administrative appeal does not constitute "judicial review" such that the trial court was confined to consider only the evidence contained in the agency record in deciding whether to grant the requested injunctive relief. 709 S.W.2d 765, 766, 768 (Tex. App.—Austin 1986, writ dism'd). Relying on the same case, Crystal argued at the hearing on the Commission's plea to the jurisdiction that the court had "equity power to issue injunctions in administrative cases." Crystal further asserted that the Commission's own rules dictate that issuance of the delivery certificate by the Commission upon receipt of a completed registration and self-certification form was a "ministerial act." *See* 30 Tex. Admin. Code § 334.8(c)(3)(B) ("Completion of the UST registration and self-certification form in a manner that indicates compliance with applicable UST regulations [] will result in the agency's issuance of a UST delivery certificate for tanks at the facility for which compliance is self-certified."). The Commission rejoined that issuance of a delivery certificate was not a "ministerial" duty upon the mere receipt of a completed self-certification form because the Commission was required to review the form to ensure it complied with applicable UST regulations, an agency review process that the district court could not make in the first instance. The Commission also pointed out that it had the authority to revoke a delivery certificate based on unpaid administrative penalties. The trial court granted the plea to the jurisdiction, and Crystal perfected this appeal, asserting in one issue that the trial court erred in granting the plea because it had subject-matter jurisdiction to grant Crystal the relief it requested.

6

**DISCUSSION**

Crystal's request for injunctive relief seeks to compel the Commission to issue a delivery certificate, which it contends is a "ministerial" act. Relying on this Court's opinion in *Public Utility Commission v. Water Services*, Crystal asserts that this Court has "previously decided that a party can bring a temporary injunction ancillary to a judicial review of an administrative order." However, the availability of injunctive relief to maintain the status quo pending a suit for judicial review of an agency order was not at issue in *Water Services*. In that case, the regulated entity sought injunctive relief pursuant to former section 85 of the Public Utility Regulatory Act, which provided:

> During the pendency of an appeal, the district court, the court of civil appeals, or the supreme court, as the case may be, may stay or suspend, in whole or in part, the operation of the regulatory authority order, ruling, or decision and such courts in granting or refusing a stay or suspension shall act in accordance with the practice of courts exercising equity jurisdiction.

Act of June 2, 1975, 64th Leg., R.S., ch. 721, § 85, 1975 Tex. Gen. Laws 2327, 2351 (current version at Tex. Util. Code § 15.004). Given this statutory grant of authority to a court to suspend an agency decision pending judicial review, the issue before the Court was if, when deciding whether to grant the requested injunction, the district court could consider evidence not contained in the administrative record. The Court held that a hearing on a temporary injunction ancillary to an administrative appeal is not "judicial review" of an agency order contemplated by the Administrative Procedure Act and therefore the district court could receive evidence outside the agency record relevant to the issue of "irreparable harm," but was confined to evidence contained in the agency

record relevant to the issue of "probability of success on the merits." The Court did not discuss the circumstances under which, in the absence of express statutory authority, a court might issue injunctive relief against a state agency during the pendency of a suit for judicial review.

Although Crystal's pleading characterizes its claim as one for injunctive relief, the relief it seeks is a trial court order that the Commission perform a "ministerial" act, relief that could properly be sought through a petition for writ of mandamus. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) ("A writ of mandamus will issue to compel a public official to perform a ministerial act."). This Court has appellate jurisdiction to review the trial court's order granting or denying a petition for writ of mandamus. *See id.* at 792 n.1 ("An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of procedure as any other civil suit."); *Janek v. Harlingen Family Dentistry, P.C.*, 451 S.W.3d 97, 104 (Tex. App.—Austin 2014, no pet.) (affirming trial court issuance of writ of mandamus directing agency to comply with agency's final order). Another avenue for the relief Crystal seeks is a suit alleging an *ultra vires* act by a state official. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) ("A suit to require a state official to comply with a statutory provision is not prohibited by sovereign immunity.").[3] Rather than pursue the relief it seeks through a petition for writ of mandamus or a suit alleging *ultra vires* act by a state official, Crystal, relying on inapposite authority, filed a suit for "ancillary injunctive relief." We need not, however, address whether Crystal could obtain the relief it seeks through an injunction "ancillary"

---

[3] Any such suit must be brought against the state official, in his official capacity, and not against the agency. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

8

to its suit for judicial review or whether such relief may only be obtained by filing a petition for writ of mandamus or a suit alleging *ultra vires* actions by officials within the agency. Under any of these legal theories, the dispositive question is whether the act Crystal seeks to compel the Commission to perform is, in fact, "ministerial." *See Heinrich*, 284 S.W.3d at 372 (sovereign immunity bars any request to compel state agency to perform act involving exercise of its discretion).

An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Anderson*, 806 S.W.2d at 793; *see also Community Health Choice, Inc. v. Hawkins*, 328 S.W.3d 10, 13 (Tex. App.—Austin 2010, pet. denied). If an action involves personal deliberation, decision, and judgment, it is discretionary; actions that require obedience to orders or the performance of a duty to which the actor has no choice are ministerial. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994). Crystal asserts that the Commission's rules impose a ministerial duty on it to issue a delivery certificate upon receipt of Crystal's completed registration and self-certification form. *See* 30 Tex. Admin. Code § 334.8(c)(3)(B). That rule, however, states that the registration and self-certification form must be "in a manner that indicates compliance with applicable UST regulations" as specified in a separate paragraph of that rule. Consequently, rather than simply issue the delivery certificate upon receipt of the form, the Commission must review it to ensure that the information provided on the form "indicates compliance" with regulations governing underground storage tanks. This process involves "deliberation, decision, and judgment" and is therefore discretionary rather than ministerial.

Moreover, the Commission's rules permit it to revoke a delivery certificate "for any other reason which the commission finds to constitute good cause for revocation." *Id.*

9

§ 334.8(c)(6)(A)(iii). In its default order the Commission revoked Crystal's delivery certificate and informed Crystal that it could submit an application for a new one only after it had, among other things, paid the administrative penalty. The Commission has the discretion to refuse to consider Crystal's request for a new delivery certificate until it has paid the administrative penalties. Because issuance of a new fuel delivery certificate involves the exercise of the Commission's discretion, sovereign immunity bars any request to compel the Commission to do so, whether such request is in the form of a suit for injunctive relief or a petition for writ of mandamus. *See Heinrich*, 284 S.W.3d at 372; *Save Our Springs All., Inc. v. City of Kyle*, 382 S.W.3d 540, 544 (Tex. App.—Austin 2012, no pet.) (power to award relief is an essential component of subject-matter jurisdiction); *Sierra Club v. Texas Nat. Res. Conservation Comm'n*, 26 S.W.3d 684, 688 (Tex. App.—Austin 2000), *aff'd*, 70 S.W.3d 809 (Tex. 2002) (same).

Crystal also argues that because the Default Order and penalty are not "final," Crystal's failure to pay the penalty cannot serve as the legal basis for refusing to process its registration and self-certification form seeking renewal of its delivery certificate and that the Commission had no legal authority to refuse to consider its request for a renewal. *See Director of Dep't of Agric. & Env't v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264, 265-66 (Tex. 1980) (legislative consent not required for suit for injunctive relief against state agency to halt unauthorized printing equipment and printing activities). According to Crystal, until judicial review of the Default Order has been completed, it can have no legal effect and cannot serve as the basis for refusing to review Crystal's registration and self-certification form. Crystal essentially seeks to enjoin the Commission from continuing to use the Default Order as a basis for refusing to review its registration and self-certification form. The Administrative Procedure Act provides, however, that,

10

unless otherwise provided by statute, the filing of a petition to initiate a suit for judicial review "vacates a state agency decision for which trial de novo is the manner of review authorized by law but *does not affect* the enforcement of an agency decision for which another manner of review is authorized." Tex. Gov't Code § 2001.176(b)(3) (emphasis added). Commission decisions are reviewed under the "substantial evidence" standard, not by trial de novo. *See* Tex. Gov't Code § 2001.174; *Nadaf v. Texas Comm'n on Envtl. Quality*, No. 04-13-00068-CV, 2014 WL 1614284, at *4 (Tex. App.—San Antonio Apr. 23, 2014, no pet.) (mem. op.) (citing *Slay v. Texas Comm'n on Envtl. Quality*, 351 S.W.3d 532, 548-49 (Tex. App.—Austin 2011, pet. denied) ("The Texas Water Code does not define the scope of judicial review of a decision of the TCEQ, and thus we review under the 'substantial evidence' standard.")). Thus, the Default Order remains in effect even while Crystal's suit for judicial review is pending and consequently may properly serve as the basis for the Commission's declining to act on Crystal's request for a renewal of its revoked delivery certificate.[4] Because the Commission's action was not without legal authority, the district court did not have subject-matter jurisdiction over Crystal's suit to enjoin the agency from refusing to review its registration and self-certification form until payment of the administrative penalties.

---

[4] We also observe that the Texas Water Code provides a mechanism for staying enforcement of a penalty by filing a suit for judicial review and paying the amount of the penalty to the court for placement in an escrow account, or giving the court a supersedeas bond. *See* Tex. Water Code §§ 7.061 (payment of penalty; petition for review), .062(1)(A) (person who has filed suit for judicial review may stay enforcement of penalty by paying penalty to court for placement in escrow). An administrative penalty may also be stayed upon the person's request to the court by filing a sworn affidavit stating that the person is financially unable to give the supersedeas bond. *Id.* § 7.062(2).

## CONCLUSION

The district court did not err by granting the Commission's plea to the jurisdiction and dismissing Crystal's request for injunctive relief. We overrule Crystal's sole appellate issue and affirm the district court's order.

_____

Scott K. Field, Justice

Before Justice Puryear, Goodwin, and Field

Affirmed

Filed: August 10, 2016