**Concurring and Dissenting Opinion filed March 26, 2026**



In The

# Fifteenth Court of Appeals

---

### NO. 15-24-00079-CV

---

### KENEDY COUNTY WIDE SCHOOL DISTRICT, Appellant

### V.

### KELLY HANCOCK, TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, Appellee

---

### On Appeal from the 353rd District Court
### Travis County, Texas
### Trial Court Cause No. D-1-GN-23-002042

---

### CONCURRING AND DISSENTING OPINION

The majority disagrees with the Comptroller's conclusion that open space land is excluded from Texas Government Code Section 403.302(b)(4)'s directive to make adjustments resulting from county appraisal review board (ARB) orders. I agree and join part I of the majority's Discussion section. However, the majority then goes on to address whether the Comptroller's adjustment was "appropriate" under subsection (b)(4). But this is a question that should first be addressed by the

Comptroller. Accordingly, I do not join part II of the Discussion section and respectfully dissent from the judgment of the Court.

Kenedy County Wide Common School District ("the District") filed an administrative appeal, alleging that the Comptroller "ignored the controlling law," including Texas Government Code section 403.302, "and placed a higher value on the protesting properties than allowed by law . . . ." The District sought "an order remanding the protest and overturning the determinations made by the Comptroller . . . ." The Comptroller filed a general denial. In this Court, the District continues to challenge the Comptroller's statutory interpretation and requests a remand if this Court agrees. I agree that having found the Comptroller incorrectly interpreted section 403.302, this Court should remand for the Comptroller to decide what was an "appropriate adjustment" based on the evidence in this case under a correct statutory interpretation of section 403.302.

"In the context of judicial review of administrative decisions, the separation-of-powers doctrine ensures that discretionary functions delegated to administrative agencies by the legislature are not usurped by the judicial branch." *Tex. Dep't of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 659–60 (Tex. App.—Austin 1997, pet. denied). I recognize that a reviewing court is obligated to sustain an agency order on "any *legal* basis shown in the record." *Pub. Util. Comm'n of Tex. v. Sw. Bell Tel. Co.*, 960 S.W.2d 116, 121 (Tex. App.—Austin 1997, no pet.) (emphasis added). However, a reviewing court may not sustain an agency decision "upon a *factual* basis not passed upon by the agency." *Id.* at 121 n.7; *see Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 635 (Tex. 1996) ("Administrative fact findings are a necessary aspect of administrative discretion."). The Comptroller did not make any factual findings regarding an appropriate adjustment as related to the evidence relied on by the majority.

2

Where an agency has misinterpreted a statute, a remand for consideration under the correct interpretation is appropriate. In *State v. Public Utility Commission of Texas* for example, the Supreme Court considered under substantial evidence review whether the Public Utility Commission (PUC) applied the correct statutory method to determine the market value of a utility's generation assets. 344 S.W.3d 349, 356 (Tex. 2011). The Court explained that Utilities Code section 39.262(h) provided four methods for a power-generation company to establish the market value. *Id.* (citing Tex. Util. Code § 39.262(h)). The Supreme Court rejected the PUC's interpretation of section 39.262(h) that none of the four methods applied in the circumstances at issue, concluding that the PUC should have applied the "sale of assets method." The Court remanded for the PUC to determine market value under the correct statutory interpretation. *Id.* at 361.

By deciding an issue not yet decided by the Comptroller, the majority risks intruding upon the Comptroller's authority and discretion. *See Pantera Energy Co. v. R.R. Comm'n of Tex.*, 150 S.W.3d 466, 475 n.9 (Tex. App.—Austin 2004, no pet.) ("The reviewing court may identify error but may not dictate how to correct the error because to do so would usurp the authority and discretion delegated to the agency by the legislature."). Consistent with the District's request, I would remand the case to the Comptroller for it to address what is an appropriate adjustment. Because the majority decides that issue in the first instance, I respectfully dissent.

/s/ April Farris

April Farris

Justice

3